DALLES LUMBER AND MANUFACTURING COMPANY *v.* THE WASCO WOOLEN MANUFACTURING COMPANY *et al.*

A CORPORATION CONFINED TO SPECIFIED BUSINESS.—A corporation organized for the purpose of "manufacturing and selling lumber," can not hold a lien for labor performed in the construction of a building. Where such a corporation sued to enforce a lien for both lumber furnished and labor performed in the construction of a building, and the complaint failed to show how much of the gross amount was for lumber furnished, the judgment was reversed.

MECHANICS' LIEN.—BUILDING.—The defendants occupied several buildings as a woolen factory, on some of which the material was furnished and the labor performed; the mechanic's lien does not extend to all the buildings, but is confined to the building for which the material was furnished or on which the work was done.

IDEM.—PLEADING.—It should appear by the complaint that notice of the lien was filed in pursuance of the statute.

*Appeal from Wasco County.*

THE case is stated in the opinion of the court.

*Humason* and *Williams & Willis*, for the appellant. It is not alleged that the lumber was used in any particular building. (25 Ill. 349; Code p. 763, sec. 1.)

The complaint should specifically set forth the amount furnished for the particular buildings. (Houck on Liens, pp. 162, 164 and 139.)

The proceeding is *in rem.* (4 Abbot, 205; 2 E. D. Smith, 662; 4 *Id.* 721.)

The plaintiff's articles of incorporation do not authorize the plaintiff to engage in building. (2 Roberts, 278; 3 Comst. 431; 2 Kent 298.)

*Kelly & Reed*, for the respondents. It appears that the buildings were all connected with the woolen factory to be used for a common object. (8 Barr, 437; 4 E. D. Smith, 734; 1 Ogn. 170.)

If there is error in entering the decree the error can be corrected in this court.

THAYER, J. This is a suit in equity, brought to foreclose a mechanic's lien, in the circuit court for Wasco County.

The complaint alleges that plaintiff is a corporation duly incorporated under the laws of Oregon, for the object and purpose of *manufacturing* and *selling lumber*. And that defendant is likewise a corporation, that between the sixteenth of September and the thirteenth of October, 1868, plaintiff sold and delivered lumber to, and performed labor for, defendant, in constructing its dry house, dye house, and bleach house, amounting to the sum of $1,368.05. That between the twenty-sixth day of June, and the thirtieth day of October, 1868, plaintiff sold and delivered lumber and other material to, and performed labor for, defendant, in the construction of its woolen factory, dry house, dye house, and bleach house, amounting to the sum of $619.89, for which said several sums of money, defendant executed his promissory notes. That on or about the tenth day of November, 1868, said buildings were completed. That on the twenty-sixth day of January, 1869, plaintiff filed a *notice* of its intention to hold a lien for said sums of money due it, for said lumber, materials, and labor, amounting to $1,987.94, and that said defendants Snipes, Curtis & Marlin, have incumbrances on said premises, subsequent to plaintiff's claim. The defendants filed a motion to have plaintiff make its complaint more definite, as to the amount of lumber and materials furnished for each particular building, which motion was overruled by the court, to which ruling defendant excepted.

Defendant Benjamin E. Snipes, filed a separate answer, claiming, among other things, that he had a lien upon the premises in question, extending to all the buildings and machinery, created on or about the month of July, 1869, amounting to the sum of $8,000. None of the other defendants filed answers. The cause was heard before the said circuit court, sitting as a court of equity. And it was adjudged and decreed by said court, that the plaintiff recover of the defendant, the Woolen Manufacturing Company, the sum of $2,246.32 in United States gold coin, with costs, and the same be adjudged to be a lien upon the entire premises, including all the buildings, and the lots of ground upon which the said buildings were situated, including one half acre of ground described, and that the said lien have precedence over all liens after the commencement of said building (except mechanics' lien) to wit. : since about the thirtieth day of June, 1867, and that said premises be sold to satisfy the same.

The defendants have brought appeal from the judgment, but it appears from the record that Snipes is the only defendant that filed an answer, and consequently, the only one entitled to appeal, or be heard in this court. No statement or evidence has been returned, and the only ground of error which this court is authorized to examine, must be shown from the records in the case. Upon the argument, the appellant has presented two grounds of error: 1st, that the circuit court erred in overruling the motion to make the complaint more definite; and 2d, that the complaint does not state facts sufficient to authorize the relief granted herein, as against the defendant Snipes. The record discloses sufficient, we think, to permit an examination of both of these questions. It is claimed by the appellants that the plaintiff being a corporation, formed for the purpose of manufacturing and selling lumber, if authorized to take the benefit of the lien law for lumber furnished, cannot take the benefit of such law to secure a debt created for work and labor done in the construction of a building, or for other materials furnished, the same not being within the objects of its incorporation.

35

The only allegation in the complaint on this point is as follows: "That the plaintiff is a corporation duly incorporated under the laws of Oregon, for the object and purpose of manufacturing and selling lumber."

The public have an interest in the creation of corporations.

The object of every grant of corporate powers is to obtain a public benefit. The powers granted are the consideration which the public gives for the benefit received or expected. Every application of, or dealing with the capital, or any funds of the corporation, in any manner not distinctly authorized by its charter, is illegal and void. Corporations are created for public reasons alone, and the legislature is presumed in every instance to have carefully considered the public interest, and to have granted just so much power and so many peculiar privileges as those interests are supposed to require. It will not be contended that although the public have an interest in the creation of corporations, it has none in the precise extent of the powers conferred, and that no public policy is concerned in their being strictly confined to the exercise of such chartered powers. To speak of the powers of a corporation we are understood to refer to the privileges and franchises which are created in the charter, and which control and circumscribe the legal acts of the corporate body. Whenever it goes beyond the privileges and franchises therein mentioned, its acts become illegal and void. In the case at bar, so far as we can see from the complaint, the plaintiff only had the right to manufacture and sell lumber.

What portion of the judgment rendered against defendant was for work and labor done and performed, or for other materials furnished by plaintiff, is unknown to the court.

The blending of them together and taking a promissory note for the whole amount, does not necessarily, or by any means, vitiate plaintiff's lien, for the legal part thereof. But as the case now stands, and as it is presented by the proceedings before the court, this objection by appellant appears to be well taken. It is claimed by appellant that

plaintiff's complaint is defective in not stating the amount of lumber furnished for each particular building.

That the buildings being separate and apart, the lien properly is on each building for the particular amount of lumber furnished for the same. For instance, suppose the main factory building had been completed before the dry house, dye house, or bleach house had been commenced-and the defendant should purchase lumber for the purpose of constructing the three last mentioned buildings, and after commencing them, the defendant should mortgage the main factory building, would it be right to allow the plaintiff's lien to extend to the main factory building and destroy the lien created by the mortgage, when no part of the lumber was used on that building?

This would be contrary to the spirit and meaning of the lien law. It was only intended to be a lien on the particular building constructed by means of the labor or materials furnished for that purpose.

Section 1, page 763, of the statute provides, "that any person who shall hereafter, by virtue of any contract with the owner of any building, or with the agent of such owner, perform any labor upon, or furnish any materials, engine or machinery for the construction or repairing such building, shall, upon filing the notice prescribed in the next section, have a lien upon such building."

The above section confines the lien to the building constructed or repaired. This question evidently refers to the particular building upon which the labor was performed, or for the construction or repair of which the materials were furnished, and to no other. It further appears by that section, that the labor must be done and performed, or the materials furnished under and by virtue of a contract with the owner of the building "or with his agent." This contract may be either verbal or written, express or implied.

It is claimed by the respondent, that the dry house, dye house and bleach house were as necessary to the factory as a mill-dam is to a mill, and he refers to 1 Oregon R. 170.

The defendants B. E. Snipes, in his answer, alleges, that

his lien is on the main factory building and machinery therein, as well as the other property and buildings. Plaintiff's complaint shows that a large portion of its demand was for labor, lumber and other materials furnished for constructing the other buildings, aside from the main factory building. Whether those out-buildings are as necessary to carry on the business of a factory, as a mill-dam is to a mill, the court is not advised. There is one thing certain, which appears from the pleadings in this case, that these out-buildings are separate and distinct from the main factory building.

The first section of the mechanic's lien law, already referred to, only gives the party a lien on *such* building as he performs labor on, or furnishes material for the purpose of constructing, and no other; there is nothing in the lien law in this state which raises the question of necessity. We therefore conclude that this objection is also well taken.

The appellant raises a question also, as to the sufficiency of the complaint, in reference to the allegation of the filing of the notice. The complaint alleges, that on the twenty-sixth day of January, 1869, plaintiff filed a notice of its intention to hold a lien, etc.

Section second, page 764, of the code, provides, that "any person wishing to avail himself of the provisions of this title, whether the claim be due or not, shall file in the county clerk's office of the county in which such building is situated, etc." It does not appear where the plaintiff in this case filed his notice. The section above referred to requires it to be filed in the county clerk's office of the county where the building is situated. This not having been alleged the complaint is defective for that reason. The rule of construction applied to the statute creating this lien, is that it is an extraordinary remedy, created by statute in derogation of the common law, and ought to be strictly construed. See *Parker* v. *Anthony*, 5 Grays, 289.

For these reasons the judgment of the circuit court must be reversed with costs.

State of Oregon v. Johns.

This decision being made upon the insufficiency of the complaint, and respondent's counsel having made application to amend the same, the suit is remanded to the circuit court and the plaintiffs have leave to amend accordingly.