The eleven buildings upon which the claimant asserted his lien are contiguous to each other, and, with the land on which they are erected, were, at the time the work was done and the lien filed, all owned by George K. Chase. He is the only appellant, and as against him there can be no good objection to treating them all as one building, and permitting the plaintiffs' claim against all of them to be embraced in a single proceeding.
The referee has found that the work and materials were done and furnished at the request of Chase and under contracts with him. Chase sets up in his answer that Vreeland contracted jointly with him as to three of the buildings. But this fact is not found by the referee. Consequently, even if it were material, we could not, without departing from the settled practice, make it a ground of reversal.
We think that the terms of the act of 1862 are sufficiently comprehensive to cover a claim for flagging the sidewalk in front of the buildings. (Laws of 1862, chap. 478, § 1.)
There is no finding which raises any question in regard to the $500 note for which credit is claimed by the defendant, unless it be the finding of the amount due the plaintiff. It was not proven that the note was taken as payment, and the fact that it was indorsed by Chase rebuts any presumption to that effect *Page 349 
The statement in the notice of lien, that the claim was made against Vreeland, and that the work, etc., were furnished at his request, does not, we think, vitiate the proceedings, it being also stated in the notice that Chase was the owner, and it appearing both by the complaint and answer that he contracted with Moran for the work.
The personal judgment entered against the owner is not warranted by the report of the referee and does not seem to be warranted by the statute. (Laws of 1862, chap. 478, § 13.) The proper remedy for this irregularity was by motion to the Supreme Court to correct the judgment so as to make it conform to the report. No decision having been made upon the subject by the referee, there is no exception which can raise the point on appeal.
The finding of the referee, that Rebecca and James C. Doty have a lien for $253.50, is excepted to, and there is no evidence whatever to support it, neither did those parties appear at the trial to establish their lien. The appellant has not specifically appealed from that part of the judgment; but as the counsel for the respondent, on the argument, expressed his willingness that the judgment, if erroneous in that particular, should be corrected, it should be modified by striking out the provisions which relate to that lien, and directing that the interest of Chase be sold to satisfy the plaintiff's lien and costs, subject to all prior liens existing thereon, and as thus modified it should be affirmed with costs.
All concur.
Judgment accordingly. *Page 350