JOHN FITZGERALD, Respondent, *vs.* JOHN S. THOMAS, *et al.*, Appellants.

1. *Mechanics' liens—" Lot of land," meaning of phrase in the statute—Single lien for work on houses erected on contiguous lots.*—The "lot of land" to which a mechanic's lien attaches in towns, cities and villages (Wagn. Stat., 907-8, § 1) means the lot as bounded and described on the plats, or as subdivided and bounded by conveyances of the owners, or by other acts done by them for that purpose. And where there are a number of lots, each containing a separate building, although the lots are contiguous and in a compact body of land, and without division fences, a single lien filed against all the lots as one parcel of land, for the aggregate value of all the work done and material furnished on the several houses, is invalid. Nor can it aid the lien that the whole work was done under one contract, and not under separate contracts for each building.

*Appeal from St. Louis Circuit Court.*

*Peacock & Schulenburg*, for Appellants.

I. The statement filed by plaintiff and claimed to be a lien constituted no mechanic's lien upon the premises in question, because they are four distinct and separate houses divided from each other by fences, and erected upon separate lots of ground. (Dallas Lumber & Manf. Co. vs. Was. W. Manf. Co., 5 Oreg., 527 ; Steigleman vs. McBride, 17 Ill., 300 ; Rathburn vs. Hayford, 5 Allen, 406.)

*John G. Chandler*, for Respondent.

I. The lien was properly filed against the four houses, and the land upon which they stood, because 1st, the work was all done under one contract, and not on four separate contracts ; 2d, no conveyance made by Thomas subsequent to the attaching of plaintiff's lien, could divest him of his right to look to the entire property as his security for his work ; 3d, the houses all stood on one parcel of ground.

HOUGH, Judge, delivered the opinion of the court.

This was a suit to enforce a mechanic's lien. The plaintiff had judgment below, which was affirmed at general term. The record shows that on the first day of September, 1871,

the defendant, Thomas, was the owner of four contiguous lots in block 2, of Peter Lindell's first addition to the city of St. Louis, numbered 29, 30, 31 and 32, having an aggregate front on Pine street, of one hundred and fifteen feet, and a depth of one hundred and twenty-eight feet and six inches. It was alleged in the petition that "upon said four lots above described, stood four houses of brick and stone, then in process of construction," and it appears from the testimony of the plaintiff that these houses were not united in a row or block, but were separate from each other, though there were no fences between them. Under a contract made with the defendant, Thomas, on said first day of September, the plaintiff performed the work of plastering these houses and furnished the necessary materials therefor. It does not appear when the work was begun on any of the buildings, but the entire work is stated to have been completed on the 18th day of June, 1872. On the 27th day of November, 1872, the plaintiff filed his lien against the four lots, as one entire parcel of land, for the aggregate value of all the work done and materials furnished for the four houses, and to enforce that lien, the present suit was instituted. On the 19th day of December, 1871, Thomas conveyed a portion of said property to the defendant, Block. At various dates between and including the 29th day of June, 1872, and November 1st, 1872, he executed other conveyances for different portions of said property to the several remaining defendants. The defendants, as owners and incumbrancers of the lots under those conveyances, resist the plaintiff's suit, on the ground that his claim filed as a lien has no validity as such. They contend that a lien should have been filed against each house and lot on which it is situated, for the work and labor done and materials furnished for that house.

Our statute provides that in towns, cities or villages the lien shall be upon the " building, erection, or improvement, and the lot of land on which the same are situated."

The words " lot of land " plainly refer, in our opinion, to the lots as bounded and described on the recorded plats of

such towns, cities or villages, or as subdivided and bounded by conveyances of the owners thereof, or other acts done by them for that purpose. The four lots owned by Thomas, although contiguous and in a compact body, did not constitute a single lot, within the meaning of the statute. Nor are they so regarded in the petition. They are there referred to as four lots conjointly covering a certain area, which is described by metes and bounds. The lien given by the statute against each building or improvement, and the lot on which it is situated, is for the work and labor done on, and the materials furnished for, that particular building or improvement, and not for work done and materials furnished for a building or improvement upon any other lot.

Where a solid block of buildings, consisting of distinct but connected houses, and covering several lots, has been erected by the same owner at the same time, a single lien covering the whole improvement, may be upheld on the ground that the entire structure was but one building. (Phillips Mech. Liens, § 376.) Such, however, is not the present case. Nor can it avail the plaintiff anything that the work was done under one contract, and not under separate contracts for each building. The lien is not created by the contract but by furnishing the material and performing the labor; and only that building and lot are to be charged with a lien, for which such materials were furnished, and on which such labor has been performed. If the fact that the work was done under one contract was sufficient to support the lien in the case at bar, a single lien on any number of houses widely separated from each other in different and distant portions of the city, might with equal propriety be upheld, where work should be done and materials furnished for them under a single contract. This would not only be contrary to the letter and the spirit of the statute, but would be productive of great perplexity and frequent injustice in the event of a sale or mortgage of any one of the buildings; and this, whether the purchaser were cognizant of the lien or not. We are clearly of opinion that the plaintiff should have filed a separate lien on each of the

buildings, and the lot on which it is situated, for the work done and the materials furnished therefor, and that the lien now sought to be enforced is illegal and void. (Dallas Lumber & Manuf. Co. vs. Wasco Woolen Manuf. Co., 3 Oreg., 527; Steigleman vs. McBride, 17 Ills., 300; James vs. Hambleton, 42 Ill., 308; Rathburn vs. Hayford, 5 Allen, 406; Phillips Mech. Liens, § 376.)

The judgment must therefore be reversed, and the cause remanded. All the judges concur, except Judge Vories, who is absent.