Fitzpatrick v. Thomas.

judgment in accordance with this opinion. All the other judges concur, except judge Vories who is absent.

————o————

DENNIS FITZPATRICK, Respondent, *vs.* JOHN S. THOMAS, Appellant.

1. *Mechanic's lien—Single lien on number of houses and lots, invalid—Defendants, who should and who need not be made.*—Where houses are erected separately and upon distinct lots of land, a separate lien must be filed against each house and lot for the work and materials thereon; and a single lien filed against the entire premises for the aggregate charge, is invalid. And it is immaterial that at the time of the contract the houses and lots belonged to the same owner, and that in suit on the lien he was made sole defendant. (Fitzgerald vs. Thomas, *ante* p. 499.)

*Appeal from St. Louis Circuit Court.*

*Schulenburg,* for Appellant.

*Cline, Jamison & Day,* for Respondent.

I. The plaintiff's lien attached at the time when the buildings were commenced by him, and no subsequent conveyance by the defendant could divest plaintiff of his lien. (Douglas vs. St. Louis Zinc Co., 56 Mo., 388.) And it could not avail the defendant to aver in his answer, that before the filing of the lien he had conveyed to others.

II. There is no pretence that the lots on which the houses were built were in any way distinct or separate, unless they were made so by virtue of the different houses upon them built by the plaintiff. And no good reason can be given why the lien should have been distributed or apportioned on the different houses which were built by one contract for the same contractor and owner, and on the same piece and parcel of land.

In Matlack vs. Love (32 Mo., 262) the lien described the property as "two three-story brick houses situated on the east side of Fifth street, between Franklin Avenue and Morgan

Street." The court held that as no boundaries were given that was not a sufficient description to disclose to the officer the property to be sold ; but the court makes no comment on the fact of the lien being on "two three-story brick houses," showing that the court did not consider the lien objectionable on that ground.

In Moran vs. Chase (52 N. Y., 346) it is held, that where, under the provisions of the mechanic's lien law of that State, a lien is filed for work done and materials furnished for a number of adjoining buildings all owned by the same person, as against the owner, they can all be treated as a single building. One single proceeding may be instituted to enforce the claim against all of them. (To same effect see Paine vs. Bonney, 6 Abb. Pr., 99 ; 4 E. D., Smith, 734.) In Landers vs. Lester (106 Mass., 531) though the point is not expressly decided, yet it is virtually conceded that if work should be done in erecting a block of houses under the same contract, a lien could be maintained on the whole block. In Chadbourne vs. Williams (71 N. C., 444) it is held that where work is done under a single contract, the lien may attach to the whole property, even though the lots should be separated by a street.

In the case in 3 Oregon, 527, the contract was wholly with a person who held an incumbrance on the property, he being the only one who filed an answer, and the decision shows that it was solely in reference to the rights of that party that the decision was made. It further appears that the work, etc., in that case (p. 528) was done at different times and on different buildings. The Oregon statute also uses the word "building" in the singular number throughout, and the court (p. 532) seems to lay stress on the words "such building."

Our statute uses the word "buildings" in different sections, showing that it was not contemplated that the lien should be confined to a single building, where more should be erected under one contract, on the same parcel of ground for the owner.

The case in 17 Ill., 300, cited by the defendant simply decides that where the work was done on different premises the mechanic could not file a lien on one of them for the aggregate amount of work done on both, which may be conceded to be good law, but does not affect the present case.

The case in 5 Allen, 406, is decided expressly on the ground that before the fence was built, and hence before any lien accrued, the houses on which the lien was claimed, belonged to different owners.

III. This case is not identified with that of Fitzgerald vs. Thomas, *ante* p. 499.

1. In the present case the property appears to be (and is so confessed by the pleadings) one piece or parcel of ground belonging to the same owner, and in no way divided into lots or any other sub-divisions.

2. In this case Thomas alone is a party, while in the Fitzgerald case the purchasers and incumbrancers were made parties, and the decision in the latter case would seem to be based on the fact that their interests as defendants were being protected by the court.

Hough, Judge, delivered the opinion of the court.

The defendant has appealed to this court from a judgment enforcing a mechanic's lien for labor and materials furnished by the plaintiff, for the erection of four houses on land belonging to the defendant at the date of the contract with the plaintiff, and described in the petition and the statement of lien filed, as one entire tract having a front of 110 feet on Pine street, and a depth of one hundred and fifteen feet, five and a half inches. The answer, in addition to other defenses, denied that plaintiff's claim, or any part thereof, constituted a lien upon the premises described in the petition.

The plaintiff's own testimony tended to show that the houses were disconnected from each other, having an open space of three or four feet between them, and were erected upon distinct lots of land; that there was no difficulty in making an estimate of the quantity of brick in each house,

and if they had not been constructed for the same owner, separate accounts would have been rendered therefor.

The only instruction which it will be necessary to notice, is the following, which was asked by the defendant but refused by the court: "If it appears from the evidence that the premises described in the petition are four separate, distinct and several houses and lots, and that the amount of brick and labor furnished by plaintiff upon each of said four houses separately could have been ascertained by, or was known to the plaintiff at the time he filed the lien, then the court declares it was the duty of plaintiff to apportion the aggregate amount of his claim as to the four houses separately, and to file his statement of mechanic's lien upon each house and lot separately, and plaintiff having failed to do so, the plaintiff is not entitled to a mechanic's lien against the premises sued for."

There was testimony on which to base this instruction and it should have been given, although that portion which relates the ability of the plaintiff to apportion the labor and material is wholly immaterial and unnecessary. It was his duty to do it. This question was considered and passed upon in the cause of Fitzgerald vs. Thomas, decided at the present term. It can make no difference in the present case, that the person who was the owner of the ground at the time the contract was made, is the sole defendant. The language of the statute and the policy of the law alike forbid our making this case an exception on that account. Each separate house and lot must be charged with the amount expended upon it, and upon it only, and then no complications can arise.

The judgment will be reversed and the cause remanded. All the other judges concur except Judge Vories, absent.

————o————

## Motion for Re-hearing.

1. *Mechanic's lien—Denial that plaintiff's claim constitutes a lien, has what effect.* —Under the late practice act of this State, in suit to enforce a mechanic's lien, a denial that plaintiff's claim constitutes a lien on the land is sufficient to put in issue the liability of the property to be charged with the lien. All other

facts necessary to constitute a lien must be specifically denied or they will stand admitted.

2. *Mechanic's lien—Materials must actually be used—Apportionment of labor and materials on different buildings.*—A material man has no lien upon any building save for the materials which actually enter into its construction. (Simmons vs. Carrier, 60 Mo., 582.) And where several buildings are made under one contract, and it is sought to charge them with mechanics' liens, the amount of work and labor on each must be ascertained and apportioned accordingly:

*Cline, Jamison & Day,* in support of the motion commented on at length in Dallas Lumber Co. vs. Wasco, 3 Ore., 527; Steigleman vs. McBride, 17 Ill., 300; Rathbun vs. Hayford, 5 Allen, 406; James vs. Hambleton, 42 Ill., 308; Chambers vs. Yarnell, 15 Penn. St., 265; Gœpp vs. Gartiser, 35 Penn., 130; Chapin vs. P. & B. Works, 30 Conn., 461; Morris City Bank vs. Rockaway Man'f'g Co., 16 N. J. Chy., 150; and contended that in none of them the court decided that, where the material was furnished for separate buildings, but under the same contract and on the same parcel of ground, or even on contiguous lots where the property when the work was begun, all belonged to the same owner, the lien would be invalid. Counsel cited in support of the motion, Paine vs. Bonney, 6 Abb. Pr., 99; Moran vs. Chase, 52 N. Y., 346; Lander vs. Dester, 106 Mass., 531; Chadbourne vs. Williams, 71 N. C., 444.

It was contended, among other points insisted on, that if buildings erected on different lots but touching each other, so as to form one block, might become the subject of a lien, as intimated by the court in Fitzgerald vs. Thomas, such liability should also attach where they were a row instead of a block, and were separated from each other by a small space.

*Schulenburg, contra,* contended that the case at bar, and that of Fitzgerald vs. Thomas, were essentially the same in principle; that the allegation of defendant's answer that no lien had been filed as prescribed by law, was sufficient to raise the question on the pleadings, without setting up the matters constituting that defense specially.

. Counsel cited in opposition to the motion, Phil. Mech. Liens, § 376; 15 Penn. St., 265; 35 Penn. St., 130; 30 Conn.,

861 ; 16 N. J., 150; and reviewed Matlack vs. Love, 32 Mo., 262 ; Moran vs. Chase, 52 N. Y., 346 ; Sanders vs. Dexter, 106 Mass, 531 ; Chadbourne vs. Williams, 71 N. C. 444, insisting that they sustained the decision of the court.

HOUGH, Judge, delivered the opinion on motion for rehearing.

An elaborate brief having been presented in support of the motion for a re-hearing, filed by the plaintiff, and the case being one of importance as well as of apparent hardship, we deem it appropriate to depart from our usual custom in disposing of such motions, and to present in writing our view of the grounds on which the motion is urged.

And we do this notwithstanding the fact that every point argued in the brief now filed, was duly considered and virtually passed upon by us, in the decision heretofore made. That decision was based upon a construction of the statute which seemed to us exceedingly plain and eminently just. In speaking to a profession practiced in the art of making appropriate application of the principles announced in judicial decisions, it did not seem to us necessary to array all the reasons which might have been fairly urged in support of the conclusion reached, or to present all possible or probable inconveniences which might arise from a different ruling, or to undertake to show that our decision was in perfect harmony with every inference, however strained or remote, which might ingeniously be drawn not only from what was said, but from what was omitted to be said, in other decisions of this court. Nor do we propose to do so now. The adoption of such a course in delivering our judgments, would entail upon us a very unusual labor.

The first ground urged for a re-hearing is, that there was no such issue as has been decided ; that the pleadings admit the houses to have been built on a single piece or parcel of land. In this counsel are in error. The petition does not allege, and the answer does not admit, that the ground on which the four houses were erected was a single lot or parcel

of land. As stated in our opinion, the dimensions of the land were given as if it were one entire tract, but it was not alleged to be a single lot, and there was testimony to show that it comprised several lots.

It is further urged that the reason why plaintiff's claim constituted no lien upon the premises described, should have been stated in the answer. The pleadings on this point were stated by us in our opinion, and we necessarily held the denial sufficient to raise the question decided. The only question which could be raised under our practice act by such a denial, would be the liability of the property as described.

Every other thing necessary to give a lien must be specially denied or stand admitted. This point was considered and agreed upon by all the members of this court present and consenting, and we are not disposed to review it. The evidence offered to show that the houses were built upon distinct lots was not the best evidence, but it tended to show the fact, and it was admitted without objection. The argument as to what the plaintiff meant when he testified that the houses were built on distinct lots, might very appropriately be addressed to a jury.

Nor would any difficulties arise from any supposed necessity of apportioning the space between the buildings, if the houses were really built on distinct lots. If they were not built on distinct lots, it can be shown on a new trial.

That clause of the instruction passed upon, which referred to the ability of the plaintiff to ascertain what materials were used in each building, might very properly have been omitted, but as that portion was unduly favorable to the plaintiff, the error in refusing the instruction was all the more glaring. We thought the statement of the principle decided sufficiently plain to prevent any misconception on this point, yet, to avoid any possible misapprehension on the subject, we have added a line to the opinion, so as to place it beyond question that we do not indorse that portion of the instruction.

It was held by this court, in the case of Simmons, Garth & Co. vs. Carrier (60 Mo., 582, decided at Jefferson City, Janu-

ary 1875, but omitted from the published decisions of that term) that a material man has no lien upon any building save for the materials which actually entered into its construction. We have only announced the same principle in this case, though the application is different.

If a material man can have a single lien on four separate houses and lots, for the aggregate amount of materials furnished for all, every portion of the whole premises is necessarily bound for the entire debt, and he may, consequently, sell one house and lot, not for the materials only which were used in its construction, but also for all the materials which were used in the construction of the other three.

It certainly cannot be seriously contended that such is the law. To render the injustice of such a rule still more apparent, it is only necessary to imagine, what may often occur, that the four houses are not of uniform value, but vary in cost from ten to one hundred thousand dollars. Now suppose the owner should sell one of these houses before the enforcement of the lien. Is it not apparent that the amount of materials for which each house and lot is liable, must be ascertained at some time? But it is unnecessary to pursue this view of the subject, or to depict the trouble and confusion likely to ensue. All such trouble is avoided by our decision, and it does not violate either the spirit or the letter of the law, but is in entire harmony with both.

The case of Matlack vs. Love (32 Mo., 262), which has been cited, does not support the view of plaintiff's counsel, or favor it even by implication. The opinion of the court speaks of *the lot* on which the two houses were, and not of *the lots*. It is not now necessary to enlarge upon what was said in the case of Fitzgerald vs. Thomas, as to a single lien, under certain circumstances, on a solid block of buildings erected without any reference to the boundaries of the lots.

All the judges except Judge Vories, who is absent, are of opinion that the motion should be overruled. The motion is overruled.