DENNIS FITZPATRICK, Appellant, *v.* JOHN S. THOMAS ET AL., Respondents.

### June 17, 1879.

1. A single lien cannot be filed on four separate houses, though the builder was ignorant of the division of the ground into lots, and though it was mutually agreed that all the houses would occupy an undivided area of ground, where, a long time before the buildings were erected, the ground had been divided into four distinct lots, and that fact made a matter of record.

2. Though parts of the houses in the row are on the same lot, if no parts of the two buildings at the extreme ends of the row are on the same lot, they cannot be included in one lien.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

BROADHEAD, SLAYBACK & HAEUSSLER, for appellant: A single lien might, under the facts of this case, be filed against the whole tract of land and the houses thereon. — *Meinholz* v. *Grodt*, 4 Mo. App. 568. In this case, Thomas is estopped by his own acts from setting up that there is more than one lot of ground. — *Garnhart* v. *Finney*, 48 Mo. 455; *Clendennin* v. *Purcell*, 3 Mo. 230; *Chouteau* v. *Goddin*, 39 Mo. 229. No necessity for apportionment between buildings, when. — *Lauman's Appeal*, 8 Barr, 473; *Davis* v. *Farr*, 1 Harr. 167; *Pennock* v. *Hoover*, 5 Rawle, 291; *McDonald* v. *Lindell*, 3 Rawle, 492; *Presbyterian Church* v. *Allison*, 10 Barr, 413; *Van Dyne* v. *Van Ness*, 1 Halst. Ch. 485.

RUDOLPH SCHULENBURG and H. E. MILLS, for respon-

dents : A single lien cannot be had upon four separate houses erected upon four separate lots. — *Fitzgerald* v. *Thomas*, 61 Mo. 499 ; *Fitzpatrick* v. *Thomas*, 61 Mo. 512, 515 ; *Myers* v. *Thomas*, 3 Mo. App. 539 ; *Lemley* v. *Lagrange, etc. Co.*, 65 Mo. 546.

LEWIS, P. J., delivered the opinion of the court.

The judgment in this case must be affirmed, on authority of *Fitzpatrick* v. *Thomas*, 61 Mo. 512, which is the same case, and *Fitzgerald* v. *Thomas*, 61 Mo. 499. At the last trial an attempt was made, under an amended petition, to make a case for the plaintiff which would meet the rulings of the Supreme Court ; but we cannot perceive that anything was accomplished in that direction. It was alleged and proved that the contract for erecting the four separate buildings was entered into without any notice or knowledge on the part of the plaintiff that the ground had been divided into lots, and upon a mutual agreement that all the buildings would occupy a single undivided area of land. But there was further direct proof, which was wholly unquestioned, that in 1863 or 1864, many years anterior to the making of the contract, the ground was surveyed into four distinct lots, in a partition proceeding, and the subdivision became matter of record. In *Fitzgerald* v. *Thomas*, *supra*, the Supreme Court said : " The words ' lot of land ' plainly refer, in our opinion, to the lots as bounded and described on the recorded plats of such towns, cities, or villages, or as subdivided and bounded by conveyances of the owners thereof, or other acts done by them for that purpose. * * * If the fact that the work was done under one contract was sufficient to support the lien in the case at bar, a single lien on any number of houses widely separated from each other, in different and distant portions of the city, might with equal propriety be upheld, where work should be done and materials furnished for them under a single contract. This would not only be contrary to the

letter and the spirit of the statute, but would be productive of great perplexity and frequent injustice in the event of a sale or mortgage of any one of the buildings; and this whether the purchaser was cognizant of the lien or not." It is clear from this that it is required of the contractor who intends to secure a mechanic's lien that he inform himself at least of all recorded subdivisions of the ground to be occupied by separate buildings; and that the policy and meaning of the law do not even permit the other contracting party to dispense with this, by a mere waiver, appearing in the contract description of the premises. Whatever may be in the contract, a separate lien must be filed " on each of the buildings, and the lot on which it is situated," for the work done and the materials furnished therefor.

Our attention is called to the fact, in this case, that the houses were not built with a strict regard to dividing-lines on the ground; so that parts of the houses are found to be on the same lot. This is of no consequence. It is certain that no parts of the two buildings at the extremities of the line are on the same lot, and this is fatal to an attempt to include them in a single lien.

The demurrer to the evidence was properly sustained, and the judgment is affirmed. Judge HAYDEN concurs; Judge BAKEWELL not sitting.