FRANK M. DEARDORFF, Appellant, v. ROBERT ROY *et al.*, Respondents.

### Kansas City Court of Appeals, May 16, 1892.

1. **Mechanics' Lien:** ITEMIZATION OF ACCOUNT. Where the material furnished for a building is duly itemized, except the price is not carried out for each item, but instead there is a lumping charge at the foot of each group of these items, the itemization is sufficient under the mechanics' lien law, following *Grace v. Nesbitt,* 109 Mo. 9.

2. ———: TWO BUILDINGS: ONE CONTRACT FOR MATERIAL: OWNER AS BUILDER. Where the owner of contiguous lots does his own building and erects two buildings on the lots, they are subject to a mechanic's lien for the material furnished for both houses, and it is not necessary to file separate liens on each building.

3. **Definitions:** "UPON." The word "upon" in section 6729, Revised Statutes, 1889, should read "consist of."

4. **Mechanics' Lien:** DEFINITIONS: ONE GENERAL CONTRACT. The words "erected under one general contract," are not to be confined to a case where the owner may contract for the completion of the buildings in one general contract, when the contractor would have one lien against all the buildings, but should apply as well to anyone furnishing materials for all the buildings, though the materials so furnished may compose only a part of such erections.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Stocking & Alexander*, for appellant.

(1) The account filed with the lien is not defective because the price of each item is not carried out. *Miller v. Whitelaw*, 28 Mo. App. 639; *School Dist. v. Howell*, 44 Kan. 285. (2) There was an agreement between plaintiff and defendant Roy, entered into about November 28, 1888, that defendant Roy would buy of plaintiff the lumber needed by him in the construction of the improvements on both lots. The fact that certain of the lumber furnished under this agreement was ordered and delivered without any agreement as to price, while the price of other items was agreed upon, does not deprive plaintiff of the right to file one lien on contiguous lots under section 6729, Revised Statutes, 1889. It was one transaction, one demand, one matter of settlement. *Bruns v. Braun*, 35 Mo. App. 337; *Bruce v. Berg*, 8 Mo. App. 204; *O'Brien v. Hanson*, 9 Mo. App. 545; *Page v. Betts*, 17 Mo. App. 367; *O'Leary v. Roe*, 45 Mo. App. 467. (3) Even if the grouping of a part of the items of the account under the head of "estimate" should be held to invalidate the lien as to those items, it should not for that reason invalidate the whole lien, as the balance of the items are clearly separable on the face of the account. *Henry v. Malone*, 23 Mo. App. 83; *Johnson*

v. *Building Co.*, 23 Mo. App. 546; *Pullis v. Huffman*, 28 Mo. App. 671; *McLaughlin v. Schwacker*, 31 Mo. App. 365; *Lumber Co. v. Strimple*, 33 Mo. App. 154; *Allen v. Milling & Mining Co.*, 73 Mo. 688.

*Thomas & Buxton*, for respondents.

(1) The lien account is not just and true. Inseparable blending of lienable and non-lienable items. *Nelson v. Withrow*, 14 Mo. App. 270. Not properly itemized. *Rude v. Mitchell*, 97 Mo. 365; *Smith v. Haley*, 41 Mo. App. 620. (2) Materials not furnished under one general contract with the owner. R. S. 1889, sec. 6705; *Henry v. Malone*, 23 Mo. App. 83. The lien was void, because for a gross amount against two lots. *Fitzgerald v. Thomas*, 61 Mo. 499, 515; *Dawson v. Railroad*, 76 Mo. 513. Section 6729 of Revised Statutes, 1889, does not destroy the force of these decisions as authorities upon the question, for the reason that this statute allows the filing of a single lien against two or more lots only when the buildings are erected under one general contract. It does not authorize the filing of a single lien upon two lots by the man who merely furnishes the materials to the owner, though under one contract.

ELLISON, J.—Defendant, being a carpenter and builder, was the owner of two contiguous lots and determined to erect a separate house on each lot. He built them himself, though he contracted and purchased the material of others. He purchased of this plaintiff, under one general contract, the lumber for both the houses. Failing to pay therefor, plaintiff duly filed a mechanic's lien in proper form, and, within the time limited, brought this action to enforce the same. At the close of the

evidence for plaintiff, the court directed a verdict for defendant.

There are but two questions necessary to notice: *First.* The account is said to be insufficient in that there are two parts of it which are duly itemized, except that the price or charge is not carried out for each item, but, instead, there is a lumping charge at the foot of each group of these items. The case presents the same question which arose in the supreme court in the case of *Grace v. Nesbitt,* 109 Mo. 9, where such an account was held sufficient, and we refer to that case for the reasons upon which our ruling in favor of this account is based.

The second question relates to the construction of section 6729, Revised Statutes, 1889, adopted in 1887 as an amendment to the mechanic's lien law. The second word "upon" used in the section should read "consists of." But this will not affect the substance of the statute. It reads as follows: "When the improvement consists of two or more buildings united together and situated upon the same lot or contiguous lots, or upon separate buildings upon contiguous lots, and erected under one general contract, it shall not be necessary to file a separate lien upon each building for the work done or materials furnished in the erection of such improvements."

It applies as well to a case where the owner erects his own houses, as where he may let the contract to another. The statute was designed to remedy the inconvenience disclosed in *Fitzgerald v. Thomas,* 61 Mo. 499; *Miller v. Hoffman,* 26 Mo. App. 199. It was intended to permit that to be done which was declared in the *Fitzgerald* case could not be done. Thomas, in that case, was the owner and erected (not by one contract) four houses on contiguous lots. He contracted with Fitzgerald for the plastering, including material, of all the houses. The court held, under the statute, as it was at that time, that one lien on all the houses could

not be maintained. Under section 6729, the court would now, in this respect, hold exactly the contrary. So, in my opinion, the proper construction of the statute will permit a lien to be enforced where the material is furnished on, or the labor performed on, all the buildings, notwithstanding the owner may, himself, erect them. In this case the plaintiff furnished lumber to the owner for all the buildings, and he should have his lien against all the buildings.

The words, "erected under one general contract," are not to be confined to a case where the owner may contract for the completion of the buildings in one general contract. In such case the contractor could, of course, have one lien against all the buildings. So, too, could anyone, furnishing material to such contractor for all the buildings, have his lien against all, notwithstanding the material so furnished may only partly contribute to the erection of the buildings. And so, too, those words will include a case like the one at bar, where the entire building is not let to a contractor, but where the lienor furnishes to the owner, for all the buildings, material which goes into such erection, notwithstanding such material may compose only a part of such erections.

The objection to the sufficiency of plaintiff's petition and other objections striking at the right of plaintiff to maintain his lien, which defendants have urged in affirmance of the judgment, are not considered sound. The judgment will be reversed and the cause remanded. All concur.