**HOLLMAN, Plaintiff-Appellant, v. SMITH, Defendant-Appellee, McCLINTON, Defendant-Appellant, BURDELL, etc., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22105.   Decided May 14, 1951.

Beach & Warner, Cleveland, for plaintiff-appellant (Ida Hollman).

C. K. Gillespie, Cleveland, for defendant-appellee (Alex Smith).

Beach & Warner, Cleveland, for defendant-appellant (C. McClinton).

Mark L. McCave, Cleveland, for defendant-appellee (D. Burdell).

(DOYLE, J, of the 9th District sitting by designation in 8th District.)

## OPINION

By SKEEL, PJ.:

.This appeal comes to this court on questions of law and fact. The plaintiff's second amended petition alleges that the defendants own and possess as tenants in common, a house and lot known as 6615 Outhwaite Avenue in the City of Cleveland. The plaintiff alleges that she acquired the complete title, ownership and right of possession to said property by virtue of a warranty deed from Francis Burich, on July 31, 1944, which deed was recorded October 13, 1944. Thereafter and prior to October 15, 1948, Mattie Smith, plaintiff's grandmother, died intestate leaving defendant, Alex Smith, her surviving spouse and defendant Catherine McClinton (Mattie Smith's daughter and plaintiff's mother) and defendant Deborah Burdell, a minor (Mattie Smith's daughter) her sole heirs at law and next of kin. That after the death of Mattie Smith, the defendant Alex Smith, brought an action against plaintiff and her former husband, Harry Hollman, seeking a mandatory injunction to require said defendants to acknowledge a deed which had been recorded May 16, 1947 as required by law. (This deed although the petition contains no allegation describing it, was from the plaintiff (her then husband, Harry Hollman, releasing dower) deeding a one-half interest in the Outhwaite property to Mattie Smith and Alex Smith, which deed was signed by the grantors but not acknowledged before the 16th day of May, 1947.) This action was dismissed November 4, 1948. The said defendant, Alex Smith on the 5th day of November instituted probate proceedings to administer the estate of Mattie Smith, the administration being concluded and final account approved by the probate court April 26, 1948. That as a part of the probate proceedings of said estate, a land sale proceeding was instituted to sell 3/4 interest of said property which was alleged to be the deceased's interest therein and the defendant Alex Smith, as surviving spouse, purchased said interest for $2,060.00, (the appraised value) paid partly in cash and partly in assuming the unpaid balance of a purchase mortgage due to Francis Burick. The said sale was approved by the probate court April 12, 1949. The petition then alleges that the plaintiff seeks a declaratory judgment as to the rights of the parties in said property.

The second cause of action asks for partition of the property. The third cause of action alleges that defendant, Alex Smith, is collecting the rents and asks an accounting therefor and that he be enjoined from attempting to evict the plaintiff.

The fourth cause of action seeks to impress a trust against the holder of the legal title of said property for the benefit

of the plaintiff because she has received no consideration for her interest therein.

The answer of the defendant, Alex Smith, denies that he acquired his complete title as alleged by the plaintiff in her first cause of action. He admits that he was the husband of Mattie Smith who died July 5, 1947; admits he instituted a mandatory injunction suit as alleged and that said suit was dismissed; admits he was the administrator of his wife's estate and that the final account was approved by the probate court; admits that a land sale proceeding was had in probate court and that he as the surviving spouse purchased the interest of his deceased wife in said property and has collected rents and has attempted to eject the plaintiff. This defendant denies all of the other claims of plaintiff. He then alleges that on February 11, 1947, the plaintiff and her husband deeded a one-half interest in said property to Mattie Smith and on May 16, 1947 they deeded a one-half interest therein to Mattie Smith and this defendant and that on April 7, 1949 in the land sale proceeding the 3/4 interest of Mattie Smith, deceased, was in said proceeding deeded to this defendant and that all of said deeds were given for a valuable consideration.

The reply of the plaintiff put in issue the affirmative allegations of the answer and a guardian was appointed for the minor defendant and an answer filed as provided by law.

The evidence is not in dispute as to how the plaintiff first acquired title to the property. On July 31, 1944, she purchased said property from Francis Burich, the consideration being $3,000.00, $500.00 in cash and balance secured by mortgage payable in monthly installments of $30.00.

The evidence on the other issues is in conflict but there seems to be no real controversy over the first deed to Mattie Smith, now deceased, dated January 30, 1947 and recorded February 11, 1947. The plaintiff testified that she expected to be paid for such one-half interest on the basis of what she paid for the property. However, her husband testified that they wanted his wife's grandmother to have an interest in the property and that the deed was one of gift. It must be noted that no claim was filed against the estate of Mattie Smith for any claimed purchase price. We must conclude that such deed was a deed of gift and that the plaintiff can not now make any claim either legal or equitable to this one-half interest.

The real controversy has to do with the legal effect of the deed executed after the contract of May 12, 1947 and recorded May 16, 1947 to Mattie Smith and Alex Smith, her husband, for a one-half interest in said property, signed by Ida Hollman and release of dower by her then husband, Henry Hollman, the deed showing that it was acknowledged October 29, 1948 and

re-recorded November 12, 1948, after the death of Mattie Smith.

The plaintiff first went to live in the property with her family as a tenant in 1939. Her family then consisted of her grandmother, Mattie Smith, her mother, Catherine McClinton, and her mother's sister, a minor, Deborah Burdell. She was married to Harry Hollman in 1940 who then came to live in the property. There were tenants in the building other than the plaintiff's family. The plaintiff's husband was called into the service and while in the service the plaintiff decided to buy the house and he made a special trip home to carry out the deal. The property was deeded to the plaintiff July 31, 1944 and deed recorded October 13, 1944, $500.00 being paid down and a mortgage of $2,500.00 given back to the grantor payable at $30.00 a month. The plaintiff, with her allotment and other income from tenants, paid about $60.00 per month so that the mortgage obligation was reduced much more rapidly than was contemplated. After Harry Hollman returned from the service a one-half interest in the property was deeded to Mattie Smith, January 28, 1947, the deed having been recorded February 13, 1947. Prior to this Mattie Smith was married to Alex Smith in October 1946, and he came to live in the property. The plaintiff and her husband began to have domestic trouble and a divorce was filed by plaintiff in July, 1947. Before this, in May, 1947, the plaintiff and her husband went to Mr. Ben Ruby because, as she testified, he, plaintiff's husband, wanted his part out of the house. Mr. Ruby drew a contract, whereby the plaintiff and her husband, for the consideration of $160.00 and the assumption of the obligation to pay the balance of $900.00 due on the mortgage plaintiff and her husband then owed, they agreed to sell and deed a one-half interest in said property to Mattie Smith. The contract was dated May 12, 1947. It provided that $10.00 was paid upon the execution of the contract, the balance of $150.00 to be paid upon delivery of the deed. The plaintiff and her husband agreed that $10.00 was paid the first time they went to Mr. Ruby's office and that the balance was paid at a later time. A deed was made out to carry into effect the terms of the agreement. The plaintiff claims that the deed and the contract were drawn at the same time. This is denied by the defendant and Mr. Ruby who drew both instruments and who testified the deed was drawn a few days after the contract. The deed is in evidence. The day of its execution was left blank followed by the words 'May-1947.' It was signed by both plaintiff and her husband and witnessed by Ruby and his stenographer. It was entered for record on May 16th. Mr. Ruby testified that he refused to take the acknowledgment because Harry Hollman was not there when he delivered the deed to

Mrs. Hollman and she agreed to have it acknowledged by a notary public in the neighborhood when signed by her husband. A notation to that effect was found on the deed in Ruby's handwriting. The deed was recorded without the acknowledgment. These facts point strangely to the fact that plaintiff and her husband are incorrect in their recollection of what was done on these occasions. They both testified that Ruby refused to acknowledge the deed because Alex Smith, one of the grantees, was not there, the grantees in the deed being both Mattie and Alex Smith. Such an explanation is, of course, untrue, and casts great doubt as to the accuracy of the Hollman story as to what took place in Mr. Ruby's office. One thing is established beyond question which we again repeat—that the plaintiff and her husband both signed the contract and the deed and that Mattie Smith paid Harry Hollman $10.00 the day the contract was signed—May 12, 1947, and the balance of $150.00 was paid a few days later, and the grantees, assumed by the contract, to pay off the balance due on mortgage then in the amount of $900.00. This was the consideration recited in the contract for the remaining ½ interest in the property.

The plaintiff filed for divorce from Harry Hollman in July of 1947 and decree was entered in October or November.

Mattie Smith died July 5, 1947. Probate proceedings were filed to administer her estate. A land sale was necessary to provide the money to pay the debts of the estate. It was alleged in this proceeding that Mattie Smith was the owner of a 3/4 interest in said property. The defendant, Alex Smith, surviving spouse, elected to purchase the interest of Mattie Smith at its appraised value. The amount paid into the estate either by way of credits or money was $2,090.54, the commissioner's deed to Alex Smith being dated April 6, 1949.

After the probate proceeding had been in progress, it was discovered that the deed for the last ½ interest of the plaintiff which had been recorded May 16, 1947, had not been acknowledged. The defendant, Alex Smith, then filed an action against the plaintiff and her husband seeking a mandatory injunction directing them to acknowledge the said deed. The petition was filed October 19, 1948. On the same day, an affidavit for constructive service was filed stating that Harry Hollman resided at 1021 Field Street, Hammond, Indiana. The return of service by publication was filed November 8, 1948. The precipe for service requested that a copy of the petition be mailed to Harry Hollman at 1021 Field Street, Hammond, Indiana, and was filed with the precipe for service on Ida Hollman.

The plaintiff after she rceeived the summons went to the office of Sam Griff, attorney at law. She paid him $20.00 for his services, the receipt being dated October 27, 1948. Mr. Griff testified that both the plaintiff and Harry Hollman came to his office and when told about the suit and also, that they had both signed the deed, he advised them to acknowledge the deed which they did. They had the deed with them on this occasion or brought it a day or two later because Mr. Griff took their acknowledgement on October 29, 1948, two days after the receipt for the $20.00 fee. The deed as thus acknowledged was delivered to Alex Smith's lawyer and was recorded November 1st. On November 4, 1948, the case seeking a mandatory injunction directing Ida Hollman and Harry Hollman to acknowledge the execution of the deed last referred to was dismissed by Alex Smith.

This plaintiff, Ida Hollman, and her former husband deny that the lawsuit of Alex Smith was settled as claimed, Harry Hollman testifying that he was not in Cleveland on that day and this plaintiff claiming that Mr. Griff was employed to defend the suit and not acknowledge the deed. Harry Hollman does admit that he came to Cleveland after receiving a court paper in the mail, but says that his visit was about answer day, which was November 20, 1948, as to summons service on Ida Hollman and December 18, 1948, as to Harry Hollman, served by publication. He places his visit on the 18th of November, because as he testified, he was notified the case would then be for trial. He could have known nothing about the answer day in his co-defendant's summons and there was no other communication asking him to come to Cleveland. The probability, therefore, is that he came to Cleveland after receiving the court paper around the 28th of October, 1948.

The plaintiff and her former husband's denial of acknowledging the deed is, therefore, not supported by credible evidence, the court concluding that giving due consideration to all the evidence on this question, it is far more probable that the plaintiff and Harry Hollman did acknowledge the execution of the deed conveying the plaintiff's remaining one-half interest in the property to Alex Smith and Mattie Smith, then deceased, but who was living when the deed was executed by both grantors.

A contract to sell real estate followed by a defectively executed deed, the full consideration agreed upon having been paid at the time of the execution of the deed, it being established by the evidence that it was intended as a conveyance, such deed passes an equitable right in the property to the grantees.

13 O. Jur. page 843, parag. 28; **Barr v. Hatch,** 3 O. 527; **Williams v. Sprigg,** 6 Oh St 585.

This being true, Mattie Smith during her lifetime became the owner in equity of the interest in the property set forth and described in the deed now under consideration. All that took place after her death was that the grantors acknowledged the attestation and the deed re-recorded. The defect was therefore, cured and the plaintiff is now estopped from asserting any claim based upon her own failure to carry out in full the terms of her contract to sell such property and is further estopped from challenging the title in her grantees or their heirs or assigns. A decree will, therefore, be entered for the defendants as in Common Pleas Court. Order see journal.

HURD, J, DOYLE, J, concur.