WILLIAM YOUNG, ADMINISTRATOR OF R. H. WOOLFOLK, Appellant, v. HELEN WOOLFOLK, Respondent.

*Pleadings—Amendment.*—An amended answer must set forth all the matters of defence. Upon the filing of the amended answer the original is abandoned. (R. C. 1855, p. 1255, § 13 & 14.)

*Appeal from Lincoln Circuit Court.*

*J. B. Henderson,* for appellant.

*C. Wells,* for respondent.

BATES, Judge, delivered the opinion of the court.

R. H. Woolfolk died in 1849. John A. Woolfolk was appointed administrator of his estate, but without completing the administration he died in October, 1854, and Snethen was appointed administrator on February 10th, 1855, who resigned his letters of administration in July, 1857, and on the 14th July, 1857, the present plaintiff—the public administrator—was ordered to take charge of the estate unadministered, then consisting of certain slaves.

Richard H. Woolfolk died intestate, leaving no children, but brothers, &c., and the defendant, his widow.

Whilst John A. Woolfolk was administrator, on the 15th November, 1850, he filed in the County Court a petition for the sale of real estate to pay the debts of the estate, and that the slaves be reserved from sale. On the 15th February, 1851, the court ordered that the real estate described be sold, and that the negroes belonging to said estate be reserved from sale.

Afterward, in February, 1852, some of the negroes were sold, and the remainder of them (which are the subjects of the present suit) were delivered by John A. Woolfolk to the defendant, the widow of R. H. Woolfolk. John A. Woolfolk, upon delivering the slaves to the defendant, told her that he had no further use for them, having sold enough to pay the debts of the estate.

On the 24th October, 1857, the plaintiff, having demanded the slaves of the defendant, brought this suit to recover them.

The defendant answered, claiming that she received said slaves as and to be her own property as widow of R. H. Woolfolk, and had retained them as her own absolutely; and also setting up the statute of limitations of actions as a bar to plaintiff's action. At a subsequent term the defendant filed an amended answer, which contained only a statement that, "at the time said slaves were delivered by said John A. Woolfolk to said defendant, the said John A. Wolfolk had in his hands assets of the estate of said Richard H. Woolfolk sufficient to pay all the debts against said estate."

This amended answer was obviously treated by the court as only amendatory of the original answer, or supplemental to it. Under repeated decisions of this court, we cannot so regard it. Upon the filing the amended answer the original answer was abandoned, and the amended answer was the only pleading upon the part of the defendant. That amended answer stated no defence to the plaintiff's action, and did not authorize the defence made at the trial and the instructions given by the court. The judgment must therefore be reversed and the cause remanded for further proceedings.

Judges Bay and Dryden concur.