L. F. Ticknor, Respondent, *v.* C. F. Voorhies, Appellant.

1. *Practice, civil—Pleadings—Amended answer, etc.*—A defendant, by filing an amended answer and going to trial upon it, abandons his first answer and the matters therein alleged, which were not re-stated in the answer as amended.

2. *Practice, civil—Answer defective for indefiniteness.*—In a suit on a draft, the answer asserted that, by the laws of Louisiana, all right of action upon the draft sued on was extinguished prior to the institution of the suit. *Held,* that the answer was defective in failing to set out the facts which operated the extinguishment, and in failing to specify the laws relied on.

*Appeal from St. Louis Circuit Court.*

*Lucien Eaton*, for respondent.

*Voorhies & Mason*, for appellant.

Currier, Judge, delivered the opinion of the court.

On the 4th of March, 1869, the defendant filed an amended or supplemental answer, in which it is alleged that the " draft sued on was made and also to be executed under the laws of the State of Louisiana; that, by virtue of the laws of said State, all right of action, as against the defendant as the drawer of said draft, and all liability of defendant on account of said draft, were extinguished before this suit was brought."

These averments are put in issue by the plaintiff's replication, and upon these issues the parties went to trial December 22, 1869. The plaintiff recovered, and the defendant brings the cause here by appeal, desiring a review of the case as made by his original answer, as well as upon the issues raised by his amended or supplemental pleading.

The statute (Wagn. Stat. 1035, § 13) provides as follows: " In every petition, answer, or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense." Under this statute the defense must be confined to the matters alleged in the defendant's final pleading. By filing this pleading and going to trial upon it, he abandoned his

first answer and the matters therein alleged, which were not restated in the answer as amended. (Young v. Woolfolk, 33 Mo. 110; *id.* 244; 28 Mo. 39.) This puts out of the case the question made upon the defendant's affidavit for a continuance. The testimony of the absent witness, as disclosed in the affidavit, had no relevancy to the issues made by the amended pleadings. The motion for a continuance, founded upon that affidavit, was therefore properly overruled.

The amended answer itself is vague and indefinite, and alleges matters of law rather than of fact. It asserts that, by the laws of Louisiana, all right of action upon the draft sued on was extinguished prior to the institution of the suit; but from what cause does not appear, whether by lapse of time or for some other reason. The facts which are supposed to operate the extinguishment under the Louisiana code are not set out or alluded to. The record, moreover, fails to show what the Louisiana laws are upon which the defendant relies. They were in issue, and were to be proved like other facts, but the evidence of their existence is not found in the record.

The appeal is without merit, and the judgment will be affirmed. The other judges concur.