H. T. RAND, Respondent, v. H. B. GRUBBS ET AL.; JOHN WALL, Appellant.

St. Louis Court of Appeals, May 31, 1887.

1  MECHANIC'S LIENS—MATERIAL MEN.—The right of a material man to a lien depends upon whether he gave credit on the faith of the structure into which the material entered.

2  —— WAIVER BY CONDUCT.—A material man who directs the owner to pay the contractor money withheld from the latter, for the material man's protection, waives his lien to the extent of such payment.

3. PLEADING—ANSWER—ADMISSIONS.—In the case of successive answers, the facts stated in the petition and not denied in the last answer filed, stand admitted.

4. VERDICT—SPECIAL FINDINGS—PRACTICE.—The special finding of a jury will control, and prevail over, a general verdict which is opposed thereto.

APPEAL from the Greene County Circuit Court,. JAMES R. VAUGHAN, Judge.

*Reversed in part.*

BOYD & DELANEY, for the appellant: Wall should not have been compelled to investigate and unravel the account of Rand with other buildings. *Schulenburg v. Robinson*, 5 Mo. App. 597; *Schulenburg v. Vrooman*, 7 Mo. App. 133. There was evidence tending to show a sale to Grubbs & Company on their personal credit, and instructions numbered one and two should have been given. *Henry v. Rice*, 18 Mo. App. 497; *Livermore v. Wright*, 33 Mo. 31; Phillips on Mech. Liens., sects. 122, 123. If an order was given by Rand, in substance, as pleaded by Wall, then it operated as a complete waiver and release, and refused instructions numbered four and five should have been given. Phillips on Mech. Liens, sect. 273;. *Gorman v. Sogner*, 22 Mo. 137.

J. T. WHITE, A. W. LINCOLN, and C. W. THRASHER, for the respondent: An amended answer constitutes the only answer, and must contain all matters of defence. Rev. Stat., sects. 3545, 3776; *Woolfolk v. Woolfolk*, 33 Mo. 110; *Tichenor v. Voorhis*, 46 Mo. 110. The points made in the brief of the appellant are entirely immaterial and have no application to the issues in this case between the appellant and the respondent. And the instructions asked upon those points by the appellant were properly refused by the court. *Hassett v. Rust*, 64 Mo. 325; *Budd v. Hoffheimer*, 52 Mo. 297; *Longuemore v. Busby*, 56 Mo. 540; *The State v. Miller*, 67 Mo. 604; *The State v. Little*, 67 Mo. 624; *Quinlivan v. English*, 44 Mo. 46.

Only such issues as are made by the pleadings should be submitted to the jury by instructions. *Fulkerson v. Thornton*, 68 Mo. 468; *Kenney v. Railroad*, 70 Mo. 252; *Nugent v. Curran*, 77 Mo. 323. The fourth instruction asked by the appellant, concerning the waiver of the lien, submits to the jury a question of law as to the legal effect of a written instrument, and was properly refused by the court. *Fugate v. Carter*, 6 Mo. 267; *Newman v. Lawless*, 7 Mo. 279; *Hickey v. Ryan*, 15 Mo. 62; *Crawley v. Mullins*, 48 Mo. 517; *Jordan v. The City of Hannibal*, 87 Mo. 673; *Morgan v. Durfee*, 69 Mo. 469; *Railroad v. Cleary*, 77 Mo. 634; *Turner v. Railroad*, 76 Mo. 261

ROMBAUER, J., delivered the opinion of the court.

This is an action of mechanic's lien by a material man against the contractors and the owner. Upon a trial of the cause before a jury there was a judgment for the plaintiff against the contractors and the property for two hundred and fifty-six dollars, from which the owner appeals.

The debt and lien was claimed, according to the plaintiff's petition, on account of the sale and delivery by him of two hundred thousand soft brick at seven dollars per thousand, and seventy-five thousand hard brick, at $7.50 per thousand, which brick, he claimed, entered into the construction of the building. There was evidence of a contract price at that rate, and, also, evidence that this was the reasonable value of the brick at the time of delivery. It appeared by the plaintiff's own evidence that he sold to the contractors, in October, 1884, two kilns containing six hundred thousand brick, and that both the plaintiff and the contractors treated the sale as of that date; an account rendered by the plaintiff, starting with a debit to the contractors for $4,400, as of October 24, 1884.

It is not claimed by the plaintiff that the brick was sold to be used exclusively in the building sought to be charged. On the contrary, it conclusively appears, by his own testimony, that it was bought by the contractors to be used in this and a number of other buildings. It does not even appear, except inferentially, that the contractors, at the date of the sale of this brick, had a contract for the erection of the building sought to be charged. It is not pretended that any separate account was kept by the plaintiff of the brick that went into the construction of this building. The brick were delivered to the contractors' teamsters, from time to time, and hauled by them to this and a number of other buildings in process of erection by the said contractors, and the plaintiff, on his books, gave credit to the contractors for payments made by them, or upon their order, by the various owners of the different buildings, on general account. The plaintiff's account now sued on, is claimed to be made up by estimating the brick that went into buildings owned by other parties, applying the payments, received by him on general account, to the payment of such brick, and the discharge of such other buildings, and holding the contractors and this building for the residue.

Conceding that the facts of this case, under the pleadings, as ultimately framed, sufficiently distinguish it in principle from the case of *Schulenburg v. Robison* (5 Mo. App. 564), and *Schulenburg v. Vrooman* (7 Mo. App. 133), where the general rule was laid down that "the lien claimant is presumed to keep his lien in mind, and if he is to seek its enforcement, the law requires him to preserve its unity as a claim against particular property," and still there are insuperable objections to upholding this lien upon the state of the pleadings, upon the undisputed facts, and upon the special findings and general verdict of the jury itself.

The plaintiff, in his petition, as above seen, claimed that he furnished, altogether, two hundred and seventy-

five thousand brick, which entered into the construction of this building, and specifically stated that two hundred thousand of these brick were worth only seven dollars per thousand. He claimed a balance due him of $792.43, admitting that the residue was paid.

The defendant owner filed the following amended answer:

" Now comes said Wall, and, for his plea, says that he denies that the amount of brick charged by the plaintiff went into and was used in said building; and, for another defence, says that said Rand ought not to maintain his lien, because, on or about the —— day of ——, and while said building was in process of construction, and before said Wall had settled with said Grubbs, said Rand made, executed, and delivered, to one Mr. Foley, agent of said Wall, an instrument, in tenor following:

" ' Mr. Foley:

" ' Dear Sir : If Mr. Grubbs wants five hundred dollars, please pay him, and I will get my money that is due from other sources.

" ' H. T. Rand.'

" That said instrument is lost, as the defendant now avers as a reason for not producing the same here in court; that, acting and relying thereon, said Foley and said Wall settled with Grubbs & Company in full, in good faith. Wherefore he asks judgment."

This answer, under the settled rules of practice, in this state, superseded former answers, so far as the owner was concerned, and the issues thereby raised were the only issues to be tried between the plaintiff and the owner. *Young v. Woolfolk*, 33 Mo. 110; *Ticknor v. Voorhies*, 46 Mo. 110. The answer was denied by replication. Upon the trial, the defendant produced several disinterested witnesses, one of whom had made an exact copy of this card, at the time, all of whom testified that the tenor of the card was literally the same as stated in

the answer. The plaintiff, who was sworn in rebuttal, admitted that he had executed and delivered the instrument, but stated that its concluding sentence was that he, the plaintiff, would look to other sources for that amount, a difference which, under the facts of the case hereinafter appearing, can not vary the result, and is wholly immaterial.

On the subject of this five hundred dollars, and the legal effect of the defendant's card, the court, of its own motion, instructed the jury as follows:

"The court instructs the jury that the legal effect of the card, written by the plaintiff to Foley, if you believe the same was written, and was in words and figures as set forth in the defendant Wall's answer, was a waiver of the plaintiff's lien on the building, to the extent of five hundred dollars, and if, at the time of the writing of the card, Grubbs & Company owed the plaintiff more than the said sum of five hundred dollars, then the same was a waiver, to the extent of the amount then due the plaintiff by them, including the sum of five hundred dollars in such amount, or, in other words, it was a waiver of the lien to the amount then due the plaintiff by them; but if such amount was less than five hundred dollars, it was, nevertheless, a waiver to the amount of five hundred dollars."

This instruction was just and fair, so far as it went, and the owner has no right to complain of it. At the same time, it must be evident that, whether the tenor of the card was as claimed by the owner, in his answer, and testified to by his witnesses, or whether it was as admitted by the plaintiff himself, it did authorize the owner to pay to the contractors the sum of five hundred dollars, and that, as between the plaintiff and the owner, the effect of this payment was the same as if it had been made directly to the plaintiff, on account of brick furnished to the building.

The jury evidently so understood the effect of the instruction, because their general verdict of two hundred

and fifty-six dollars shows that they intended to deduct the five hundred dollars from the balance of $792.43, claimed in the plaintiff's petition, besides the discrepancy between the brick claimed to have been delivered for the building, and the brick actually delivered.

So far the record shows no error. It is only when the claim of the plaintiff, as advanced in his petition, the special finding of the jury thereon, and an account constructed from these elements, and the additional credit of five hundred dollars, to which the owner is clearly entitled, are taken into consideration, that it conclusively appears that the appellant's assignment of error, that "the verdict against Wall [the owner] is without evidence to sustain it," is well taken.

The court submitted the following special issue to the jury: "How many brick, sold to the defendants, Hooper, Sampson, and Grubbs, deceased, by Rand, were used in the erection of the Wall building? A.—Two hundred and thirty-one thousand (231,000)."

This finding, under the law, must govern the general verdict of the jury, and is conclusive on the plaintiff. According to this finding, the only way in which the true state of the account, under the allegations of the petition and the admitted facts, can reasonably be constructed, is as follows:

| | | |
|---|---|---|
| 200,000 brick at $7................$1,400 00 | | |
| 31,000 brick at $7.50 ............. | 232 50 | $1,632 50 |
| Credits admitted by petition..... $1,170 07 | | |
| Additional credit under conceded facts...................... | 500 00 | $1,670 07 |

Showing an over-payment of this account, so far as the owners are concerned, of $37.57.

Since the petition expressly avers that two hundred thousand of the brick delivered were worth only seven dollars per thousand, and the plaintiff himself, by the improper way of keeping his accounts, prevented a def-

inite finding by the jury of how many of the aggregate number of the brick delivered were reasonably worth the greater sum of $7.50, it is evident that the owner is entitled to have the account stated as above set out. The result, however, would not be different, even if the discrepancy between the jury's finding and the plaintiff's claim were apportioned between the two classes of brick, which is the utmost that the plaintiff could demand.

It results from the foregoing, that the general verdict of the jury is contrary to their special finding, and to the conceded facts, so far as any lien claim against the property is concerned; and that so much of the judgment as gives to the plaintiff a lien on the property must be reversed. The cause will not be remanded, as the contractors have not appealed, and the judgment against them remains in force. Thompson, J., concurs; Lewis, P. J., is absent.