FATHMAN & MILLER PLANING MILL COMPANY, Respondent, v. E. V. RITTER, Appellant.

St. Louis Court of Appeals, January 22, 1889.

1. **Mechanic's Lien:** DEFECTIVE STATEMENT. A suit for a mechanic's lien on account of materials furnished by a sub-contractor cannot be maintained, if the statement fails to show that the materials were furnished for the building described. Without such an averment, it is not sufficient to allege that the materials actually went into the construction.

2. **Practice, Trial:** AIDER BY VERDICT. The omission of a statement that the materials were furnished for the building cannot be cured by verdict, when no evidence was offered to show that they were so furnished.

3. **Amendment:** JURISDICTION. In a case begun before a justice of the peace, an averment which is essential to show jurisdiction in the justice may be supplied by amendment in the circuit court.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*Christian & Wind,* for the appellant.

Being without jurisdiction the court could not acquire jurisdiction by an amendment of the plaintiff's petition. *Haggerty v. Railroad*, 63 Mo. 302. Where a court has no jurisdiction it has no power to do anything but to strike the case from the docket, and an award of costs and execution is void. *Nashville v. Cooper*, 6 Wall. 247; *Mail Co. v. Fernandez*, 12 Wall. 130. The fact that a proper notice had been filed, although not stated in the petition, could not aid plaintiff, for it is the claim as presented which determines the question of jurisdiction. *Henks v. Debertshauser*, 1 Mo. App. 402. Mechanic's lien does not exist merely because the material furnished entered into the construction of a house, unless it was furnished for the building under contract with the owner or contractor. *Hanse v. Thompson*, 36 Mo. 450; *Rand v. Grubs*, 26 Mo. App. 591. As plaintiff failed to charge in its petition that the material sued for was furnished for or on the credit of the building, it did not state facts sufficient to entitle plaintiff to a lien. And as every fact essential to a mechanic's lien must be alleged in the petition, the justice had no jurisdiction. *Ewing v. Donnelly*, 20 Mo. App. 6; *Baily v. Cook*, 8 Mo. App. 565; *Fay v. Adams*, 8 Mo. App. 566; *Hydraulic Co. v. Zoppenfield*, 9 Mo. App. 595. Nor the circuit court on appeal. *Osborne v. Schmitt*, 67 Mo. 712. A petition which does not allege every fact essential to the existence of a lien demand will not support a judgment. *Ewing v. Donnelly*, 20 Mo. App. 6. If the petition had alleged this fact, there was no proof that the material was furnished for this building.

*R. L. McLaran* and *Julian Laughlin*, for the respondent.

The notice was filed and properly stated in the petition. *Schluter v. Wedenbrocker*, 23 Mo. App. 440. A sub-contractor has a lien on a building for such material furnished under a contract with the original contractor as actually entered into the construction of the building. *Schulenberg v. Prairie Home Institute*, 65 Mo. 296; *Simmons v. Carrier*, 60 Mo. 582; *Fitzpatrick v. Thomas*, 61 Mo. 516. The statutory requirements for securing a lien are satisfied when the notice and the lien statement are filed simultaneously. R. S. 1879, secs. 2874 and 3176. The appellate court will not reverse this case. Because when the result would be the same on a new trial this court will not reverse a case. *Hodecher v. Ganzhorn*, 50 Mo. 154. Because even if there was a failure of proof, the attention of the trial court was not properly called to it in the motion for a new trial. *Putnam v. Railroad*, 22 Mo. App. 589. And especially when the bill of exceptions does not set out all of the evidence. *Fox v. Young*, 22 Mo. App. 386; *Blakely v. Railroad*, 79 Mo. 388. If the trial court erred in sustaining the plea to the jurisdiction in the first instance, the appellant cannot now complain that the court rightly overruled the plea after the amendment, having really had jurisdiction all the time. *Loomis v. Railroad*, 17 Mo. App. 340.

THOMPSON, J., delivered the opinion of the court.

This action was brought before a justice of the peace to enforce a mechanic's lien for materials furnished by the plaintiffs as sub-contractors, under B. C. Patterson, original contractor. The statement filed before the justice of the peace was drawn so as to charge as the contractors, not only B. C. Patterson, but also J. A. Patterson and George N. Truesdale, who were

sureties on the contractor's bond for B. C. Patterson, contractor ; but the joining of these additional defendants may be regarded as immaterial in the present state of the record.

I. The statement of cause of action before the justice recites the furnishing of the materials, as follows : "That said B. C. and J. A. Patterson and George N. Truesdale, as such contractors, bought of plaintiff and used in the construction of said building the materials set out in the account herewith filed, and the same entered into and became a part of said building, owned as aforesaid, and that the defendants are now enjoying the use of the same upon the said real estate owned by said Ritter and others ; that in accordance with the terms and conditions of its contract with said B. C. and J. A. Patterson and George N. Truesdale, plaintiff has furnished materials of the value of $126.34, in, about and upon said real estate owned as aforesaid, the particulars of which indebtedness will more fully appear in the bill of items thereof hereto annexed." It is perceived that there is here no allegation that the materials were furnished *for* the building as required by section 3172, Revised Statutes. By the terms of that statute, the right to the lien of a materialman is predicated on his furnishing "any materials, fixtures, engine, boiler, or machinery, for any building," etc. This is held to mean that, in order to support a lien, the materials must have been furnished on the faith or credit of the structure into which they enter. It is not enough that materials were furnished by the plaintiff to the contractor on his general credit, and that the materials can be traced into the particular building. *Rand v. Grubbs*, 26 Mo. App. 591. Two things must undoubtedly concur: (1) The materials must have been furnished for the building, and (2) as held in several cases, they must have actually been used in the construction of the building. *Schulenberg v. Prairie Home Institute*, 65 Mo. 295 ; *Fitzpatrick*

*v. Thomas*, 61 Mo. 515; *Simmons v. Carrier*, 60 Mo. 581. These last cases do not decide, as counsel for the respondent argues, that it is sufficient to support the lien that the materials went into the building; they merely decide that the lien does not exist *unless* the materials went into the building,—in other words, that it is not enough that the materialman furnished the materials to the contractor with the view of their going into the building, but they must actually go into it, so that there can be no lien if the contractor diverts them to some other purpose. The petition, therefore, fails to state a cause of action, and its insufficiency was raised by seasonable objections and renewed in a motion in arrest of judgment. As the cause originated before a justice of the peace, it might be a question whether this deficiency in the petition could be overlooked on the principle of aider by verdict, if it had been helped out by the evidence. But it nowhere appears from the bill of exceptions that any evidence was offered tending to show that the materials for which this mechanic's lien is claimed were furnished to the contractor Patterson for this particular building, or with the view of their entering into this particular building. The bill of exceptions merely recites that the plaintiff "introduced evidence establishing his said demand against B. C. Patterson." But this entirely falls short of showing that the material was furnished for the particular building. The judgment must accordingly be reversed; but as this defect in the statement can be cured under the provisions of section 3060, Revised Statutes, and as the proof to support the proper allegation may possibly be supplied on another trial, the cause will be remanded.

II. In view of the course we take in remanding the cause, it seems necessary to notice another point which was made by the appellants. It is claimed by the appellants that the statement of cause of action, as originally framed, did not contain any averment that

Fathman & Miller Planing Mill Co. v. Ritter.

the plaintiff filed with the clerk of the circuit court the notice which the statute (R. S. sec. 2874) requires to be filed before the commencement of the suit, where it is intended to bring the action to enforce the lien before a justice of the peace. When the cause was called for trial the defendants moved to dismiss the cause for want of jurisdiction, by reason of the omission of this allegation. The court sustained the motion. Thereupon the plaintiff asked leave to amend the statement by supplying the omitted allegation. This leave the court granted and the allegation was supplied. Thereupon the defendants renewed their motion to dismiss the cause for want of jurisdiction, taking the view that the court had no power to allow an amendment supplying a jurisdictional defect. This motion was overruled by the court, and the defendants excepted. We should not deem it necessary to notice this matter, were it not for the fact that both parties have presented the question as though it were the law in this state that an amendment is not allowable in the circuit court, in a cause appealed from a justice of the peace, which goes to the extent of supplying an averment necessary to show jurisdiction of the subject-matter in the justice. That such amendments are allowable under the present statute (R. S. sec. 3060) is shown by the case of *Vaughn v. Railroad*, 17 Mo. App. 4, 8, and cases there cited.

The judgment of the circuit court is accordingly reversed and the cause remanded. All the judges concur.