## WYLER v. UNION PACIFIC RY. CO.

(Circuit Court, W. D. Missouri, W. D.    May 23, 1898.,

No. 1,212.

1. JUDGMENT—SETTING ASIDE—POWER OF COURT DURING TERM.

A court retains full power over its orders and judgments during the term at which they are entered, and may, on due notice to the parties, set aside a judgment or order on its own motion or on the motion of a party.

2. AMENDMENT OF PLEADING—RESTATING ABANDONED CAUSE OF ACTION—DISCRETION OF COURT.

Three years after the commencement of an action the plaintiff, by leave of court, filed an amended petition, in which he placed his right to recover on a different ground from that stated in his original petition. The case was thereafter tried three times, a judgment for plaintiff after the third trial being reversed by the supreme court on the ground that the amended petition stated a new cause of action, which was at the time barred by limitation. *Held*, that the court would not, in the exercise of its discretion, after the cause had been remanded and nine years after such amended petition was filed, permit plaintiff to again amend by restating the original cause of action, which he had abandoned.

This cause was heard on an application by plaintiff for leave to file an amended petition and a motion to set aside an order relating thereto.

Thomas P. Fenlon, for plaintiff.

Beebe & Watson, for defendant.

PHILIPS, District Judge.    On the 11th day of November, 1897, when this cause was reached for trial, the plaintiff, against the objection of the defendant, was permitted by the court to file an amended petition in this case.    When the amended petition was thus filed, the defendant demurred thereto, and the court sustained the demurrer. The plaintiff declining to plead further, judgment was entered up on said demurrer.    On the 13th day of November, 1897, the defendant filed its motion to set aside said action and judgment of the court on the ground that the court erred in granting leave to plaintiff to file said amended petition.    Of this motion plaintiff's counsel was duly notified by the clerk of this court; and said motion coming on to be heard on the 4th day of December, 1897, the same was by the court sustained, and the action of the court in granting leave to the plaintiff to file the amended petition and rendering judgment on the demurrer thereto was set aside and vacated, and the status of the case was restored, leaving the application of plaintiff for leave to file the amended petition pending.    And a further hearing of the case was continued to the 27th day of December, 1897, and the case has been continued on request of the plaintiff, from time to time, until this term of court.    It now appears that on the 18th day of December, 1897, in vacation of court, the plaintiff filed a motion herein with the clerk of the court to set aside the judgment of the court of December 4, 1897. This motion came on for hearing on the 16th day of May, 1898.

It is insisted by plaintiff's counsel that after the action and judgment of the court on the 11th day of November, 1897, the defendant had

no right to complain thereof, or to move to set the same aside, and that the court erred in sustaining said motion and vacating said judgment. Said actions of the court were taken at and during the continuation of the November term, 1897, of court. It is the common learning of the law that, "during the term wherein any judicial act is done, the record remaineth in the breast of the judge of the court, and in his remembrance, and therefore the roll is alterable during that time as the judge shall direct; but, when the term is past, then the record is in the roll, and admitteth no alteration, averment, or proof to the contrary." 2 Co. Litt. p. 260, § 438. So, it is said in Ashby v. Glasgow, 7 Mo. 320, that "when a final judgment is rendered in a cause, and that judgment is erroneous, it may, during the term at which it was rendered, be set aside; for during the term all the proceedings are in the breast of the judge, and they may be altered or vacated as justice requires."

It was perfectly competent for the court, during the term at which the judgment of November 11, 1897, was rendered, if satisfied it had committed error in its action, to have sua sponte corrected its error by setting the entry aside. The defendant, which had objected to and excepted to the action of the court in permitting the amended petition to be filed, which necessitated the filing of a demurrer thereto, had a right to file its motion within due time to ask the court to rectify its first error, if it had committed one.

It may be conceded to the plaintiff that after the judgment of November 11, 1897, had been rendered, and his counsel had departed from court, he was entitled to notice of the motion to vacate the judgment, and to have his day in court thereon. This notice was given to plaintiff's counsel in due form and in due time, and the motion, coming on in regular order for hearing, was taken up and sustained, and notice thereof was again duly given to plaintiff's counsel, and the cause set down for hearing at a specified day, and has been continued, upon his request, from time to time until this term of court. The question now to be decided is as to whether the action of the court was correct; and this resolves itself into the question as to whether or not the court should have allowed, and should now allow, the plaintiff to file his proffered amended petition.

A brief history of this case since its introduction into this court will of itself be sufficient to show the injustice of permitting, at this stage of the proceedings, the amended petition asked for by plaintiff to be filed. The alleged injury to the plaintiff occurred in April, 1883. The injury occurred in the state of Kansas, of which state both plaintiff and defendant were then, and thereafter continued to be, citizens. The suit was instituted in September, 1885, in the state circuit court of Jackson county, Mo. The petition alleged, in substance, that plaintiff and one Charles P. Kline, his fellow workman, were at the time of the injury in the employ of the defendant company, and were engaged in repairing a locomotive engine, and that the injury resulted through the incompetency and unfitness of said Kline, and the omission of duty on the part of defendant in selecting such incompetent servant; that while he and Kline were engaged in repairing a fire box of the locomotive, and in the act of lifting and

placing in position the fire dump, without fault on his part, and through the negligence of the defendant, in employing said Kline, after knowledge of his incompetency, the heavy iron dump was carelessly and negligently thrown down by said Kline, and let fall against the plaintiff.

After filing a general denial, on the 16th of November, 1885, the cause was removed from the state court into this court, on application of the defendant. On the 18th of November, 1886, the defendant filed an amended answer, pleading contributory negligence on the part of the plaintiff and the statute of limitations of two years, under the laws of the state of Kansas. To so much of the answer as set up the bar of the Kansas statute the plaintiff demurred. By consent, the defendant's answer was withdrawn, and it filed a general demurrer to the petition. This demurrer was sustained, with leave to amend instanter. On October 30, 1888, plaintiff filed an amended petition, wherein he reiterated the averments of the original petition, and supplemented the same with the charge that the injury resulted from "the negligence and mismanagement of the defendant, its agents and employés, and in consequence of the negligence and mismanagement of said Kline." On the 2d day of November, 1888, the plaintiff filed a second amended petition, in which he restated the averments of the first amended petition, except that he eliminated the charge of incompetency on the part of Kline, and knowledge on the part of the defendant of such incompetency, resting the cause of action solely upon the negligence of Kline as a fellow servant of the plaintiff, averring that under the laws of the state of Kansas, where the injury occurred, the defendant was liable to plaintiff by reason of the negligence of a fellow servant. To this second amended petition, on the 3d day of November, 1888, the answer interposed the defense of contributory negligence on the part of the plaintiff, and that both parties at the time of the accident were citizens of the state of Kansas, and had continued so ever since, and hence the right of action was barred by the limitations of two years created by the statute of Kansas; and, further, that, as the cause of action stated in the second amended petition was wholly different from that stated in the original and first amended petition, it was barred by the limitation of five years, under the laws of the state of Missouri. On the 5th day of March, 1889, the defendant filed a new amended answer, reiterating, substantially, the matters of defense already stated, and further pleaded the want of jurisdiction. To this last defense the plaintiff replied by way of general denial, and demurred to the pleas of the statutes of limitation. This demurrer was sustained by the court on March 6, 1889. On the issues as they thus stood, the case was twice tried before a jury, which failed to agree. In September, 1891, the third trial of the case was had, which resulted in a verdict in favor of the plaintiff for $10,000. On this judgment the defendant sued out a writ of error to the supreme court of the United States, and on hearing had there the judgment was reversed on the 20th day of May, 1895 (158 U. S. 285, 15 Sup. Ct. 877), on the ground that the amended petition on which the cause was tried was a departure from the original cause of action; that, instead of being a continuation of the original cause of action, it was

a substituted new cause of action; and that the statute of limitations of the state of Missouri had run against the same, and was an effectual bar.

The judgment and mandate of the supreme court were filed in this court on the 28th day of February, 1896, by which it was "ordered and adjudged that the judgment of the said circuit court in this cause be, and the same is hereby, reversed, with costs; and it is further ordered that this cause be, and the same is hereby, remanded to the said circuit court for further proceeding in conformity with the opinion of this court."

In this attitude this cause has stood, untried, since the reversal by the supreme court. Plaintiff, by his counsel, has appeared from time to time for the last four terms of court, and for one cause and another had the matter postponed until the 11th day of November, 1897, when he appeared in court and asked leave to file an amended petition. This amended petition is, in substance and effect, but a reiteration of the statement of the original cause of action averred in the first petition, without more.

The first question that arises on this state of facts is, should the court now permit plaintiff to file this amended petition? It is the settled rule of practice, under the Code of this state, that an amended pleading operates as an entire abandonment of the original pleading. Basye v. Ambrose, 28 Mo. 39; Young v. Woolfolk, 33 Mo. 110; Ticknor v. Voorhies, 46 Mo. 110; Breckinkamp v. Rees, 3 Mo. App. 585.

The plaintiff stood in this court until November, 1888, on the original cause of action, when he entirely abandoned it, and placed his ground of recovery upon the fellow-servant statute of the state of Kansas. On this issue he has kept the case in this court for nine years, going through three jury trials, compelling the defendant to take the case to the supreme court of the United States, where it stood for nearly four years; and after declining to proceed in this court for 18 months after the mandate of the supreme court was filed, and after his chosen ground of contest on the second amended petition has been completely cut from under him by the decision of the supreme court, he seeks, by way of a third amended petition, to reinstate the original and abandoned cause of action, and to subject the defendant to another battle upon this new field of action, thinking that thereby he will be enabled to avoid the statute of limitations, and for the first time be indulged to try a cause of action which arose over 14 years ago.

Plaintiff's counsel quite ingeniously insists that, as he is but attempting by this amended petition to reinstate the cause of action originally sued upon, therefore he is not, in a sense, introducing a new cause of action. But this is more plausible than sound. If the original cause of action was abandoned, as we have shown it was, by the former amended petition, and the amended petition upon which he went to trial was not a continuation of the original cause of action, but was in law a substituted cause of action, as the supreme court held, the proposed amended petition, which is a restatement of the original petition, must be held not to be a continuation of the last amended cause of action, but in fact and law is a new cause of action, sought to

be tried 14 years after it arose. From this complexity there is no logical escape.

Would it be a wise and just exercise of discretion on the part of this court to permit this amendment and rearrangement of the line of battle on a ground entirely different from that which the plaintiff has contested for nine years past? I am satisfied, on due consideration, that it would be a gross abuse of the exercise of discretion to permit this to be done. The practice act of this state is liberal in the matter of permitting amendments to pleadings, in the furtherance of justice, provided "the amendment does not change substantially the claim or defense." But the supreme court of the state has uniformly held, in construing such provisions of the practice act, that the allowing of such amendments rests largely in the discretion of the trial court. In Henderson v. Henderson, 55 Mo. 534, the court say:

"It is a matter resting in the discretion of the circuit court, under the circumstances of the case, to allow or forbid the filing of a supplemental answer after the evidence is closed,—where, for example, the facts proposed to be set up might have been discovered by the use of ordinary diligence."

In Stewart v. Glenn, 58 Mo. 486, the court say:

"Our statute is very liberal on the subject of permitting amendments, and we think that whenever an amendment is asked by either party during the progress of the cause, and the facts are made to appear showing that the interest of the party asking for the amendment requires that the amendment should be made, the court should always permit the amendment, under such terms as would be just to the adverse party, unless the party asking for the amendment has been guilty of laches on his part; but in all such cases a large discretion must be given to the court to which the application is made, whose duty it is to see that no injustice is done to either party if it can be prevented."

In Sewing-Mach. Co. v. Philbrick, 70 Mo. 648, the court again declared that:

"The last section of the chapter on amended pleadings requires the court to so construe the law in relation to pleadings, and amending the same, as to discourage negligence and deceit, to prevent delay, and to secure the parties from being misled."

Judge Napton, in Lottman v. Barnett, 62 Mo. 159, while recognizing the customary right of the party to indulgence in amending a pleading so as to avoid the effect of the statute of limitations, yet held that this indulgence would not be extended to an amendment that changed the cause of action.

While the liberality of amendment should be accorded to the litigant, to enable him to so recast his pleading as to prevent a failure of justice, yet it should never be lost sight of that the sharp edge of the sword of justice should not be turned alone upon one of the parties to the contest. When the plaintiff, over nine years ago, abandoned his complaint that his injuries resulted from the neglect of a positive duty devolved upon the defendant to exercise due care in selecting a competent servant to work with the plaintiff, he thereby, in effect, notified the defendant that he no longer made claim of liability on the part of defendant by reason of such neglect. Therefore, after he had held the defendant in court for nearly 10 years upon another

and different ground of liability, on which he concedes defeat, it would be gross injustice to defendant to revive, by way of amendment, the abandoned original ground of recovery, and attempt thereby to reinstate a cause of action otherwise dead under the statute of limitations. As applied to actions of this character, in the estimation of the legislatures of both the states of Kansas and Missouri, these statutes of limitation are pre-eminently statutes of repose.

If this amendment should be allowed by the court, and its effect should be held to strip the defendant of the protection of the statute of limitations, the grossest injustice would probably be done. After the lapse of 14 years since the occurrence to be investigated, important and necessary witnesses to the defense would likely be dead or gone beyond discovery. As already suggested, by the abandonment for nearly 10 years of the cause of action embraced in the proposed amended petition, the plaintiff has invited the defendant to not preserve, de bene esse, its evidence, nor keep track of its witnesses to the conduct of the defendant in selecting the servant Kline, and its knowledge of his competency. This issue, as to the competency of the man Kline, if revived, would be especially unequal to the defendant, as Kline long since died, as shown on the former trials of this case. As the cause of action now propounded under this amended petition is different from that heretofore tried in this court, the evidence given on said trials would, on the essential question of defendant's negligence in selecting an incompetent servant, be wholly inapplicable and unavailing. Scovill v. Glasner, 79 Mo. 449. No citizen should be continually harassed by a suitor thus experimenting on the chances of recovery. It is to the public interest that there should be an end to a given litigation. To this end it inheres in the very genius of our institutions of government that no man shall be thus twice vexed with a claim for damages growing out of the same injury. The plaintiff should be held to abide by the issue fought on his own chosen field of battle.

The motion filed by plaintiff with the clerk of this court on the 18th day of December, 1897, is overruled, and his application for leave to file the amended petition offered herein is denied.