## P. A. Lord Lumber Company, Appellee, v. John Callahan et al., Appellants.

### Gen. No. 18,408.

1. ESTOPPEL—*waiver of mechanic's lien.* A materialman who executes a waiver of lien should not be heard to say that he gave it to allow the contractor to get money from an agent of the owner and at the same time say that he did not intend that the instrument should be treated as a waiver.

2. MECHANICS' LIENS—*waiver.* A materialman's waiver of lien, under seal, given to the contractor, and presented to the owner s agent, is supported by sufficient consideration where it is given to enable the contractor to get money belonging to the owner from such agent which the agent pays to such contractor.

Appeal from the Circuit Court of Cook county; the HON. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at

the March term, 1912.   Reversed and remanded with directions.   Opinion filed June 3, 1913.

WILLIS MELVILLE and CHARLES O'DONNELL, for appellants.

WILLIAM A. ADAMS, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This is a suit brought by the appellee against the appellants and others for the foreclosure of a mechanic's lien.

The evidence would tend to establish the fact that the appellant John Callahan was the owner of the lot upon which the building was erected; that he made a contract with one Walter Simpson (a defendant in the case but not an appellant) to erect a building on the lot; that a building loan was made with Engle, Zutz & Company for $1,500, which loan was sold to Ottlie Hinz; that Simpson had contracted to purchase lumber from the appellee to be used in the erection of the building; that the lumber was supplied; that Engle, Zutz & Company paid Simpson, by direction of Callahan, $1,000 of the $1,500 for which Callahan had given his note and trust deed; that Simpson asked them for more money with which to pay the appellee, and was told that he would have to get a waiver of lien from appellee before any more money was furnished. This waiver was secured. It was addressed "to whom it may concern," and recites that the appellee had been employed by Simpson to furnish lumber and millwork for the building in question, and then proceeds:

"Now, therefore, know ye, that we, the undersigned, for and in consideration of the sum of one 00/100 Dollars and other good and valuable consideration, the receipt whereof is hereby acknowledged, do hereby waive, release any and all lien, or claim or right to lien on said above described building and premises

under the Statutes of the State of Illinois relating to Mechanic's Lien on account of labor or material, or both, furnished up to this date by the undersigned to or on account of the said Walter Simpson for said building or premises.

"Given under our hand and seal this 15th day of February, A. D. 1910."

It is signed "P. A. Lord Lumber Company, by J. H. Drees, Ass't Secy.," and the seal of the company affixed.

Upon presentation of this waiver Engle, Zutz & Company paid Simpson the balance of the loan. It further appears that in order to secure the waiver, Simpson executed his promissory note, payable ninety days after date, in the sum of $550, which was taken by the appellee and discounted at a bank; that afterwards Simpson failed to pay the note and it was taken up by the appellee. It further appears that at the time the waiver was given the amount due the appellee was $451.30. The master in his report, and the court in its decree, found among other things:

"that said Walter Simpson made application to the complainant for a so-called waiver of lien for the sole purpose of securing money from the trustee to pay for the materials delivered by the complainant; that the complainant issued and delivered to Walter Simpson, contractor, said waiver of lien so that Walter Simpson could secure from the trustee, Emil A. Zutz, the money to pay complainant for the material delivered; that said Walter Simpson, contractor, agreed to pay the note evidencing his indebtedness to complainant, 'as soon as he secured the money;' that said Walter Simpson, contractor, received from Emil A. Zutz, trustee, on presenting said waiver of lien the sum of five hundred dollars ($500); that he then and there notified said trustee that he, the said Walter Simpson, had given his note to the complainant herein; that after receiving said sum of five hundred dollars ($500) from said trustee, said Walter Simpson failed to pay for the material delivered to him by the complainant and

failed and has since failed and refused to pay said note by him delivered to the complainant."

It was further found that the note of Simpson, delivered to complainant, became due before deliveries of the material to the premises were completed; that the waiver of lien given by the complainant was for the purpose of enabling Simpson to pay complainant the amount of money due the complainant; that there was an entire failure of consideration of the waiver, and that the evidence showed that the acts "of said defendants" operated as a fraud on the complainant; that the owner of the property, Callahan, failed to require of the contractor a statement in writing of the amount of material purchased by said contractor, as required by statute, or any statement of the amount due any sub-contractor; that he allowed Simpson to receive $1,000 from the trustee of the first trust deed, without inquiring how this sum was disbursed; that in addition Callahan gave to the contractor personally the trust deed for $420 on the property described, after the owner had knowledge that the complainant's claim was unpaid.

We do not agree in the conclusion of the chancellor with respect to this transaction. It would seem that the complainant accepted the note of Simpson, the contractor, in the sum of $550 as payment upon account, whether on the account of the lumber furnished on the premises involved in this case, or generally upon account, is not clear. Upon receiving this note the appellee gave to Simpson a waiver of lien and thus permitted Simpson to get from the brokers, who must be regarded in this matter as the agents of the appellant Callahan, the sum of $500, and the waiver executed by the appellee is under seal. A seal imports a consideration. *Dymond v. Bruhns,* 101 Ill. App. 425. In this case also, as in the case just cited, it would seem to be plain that an absolute waiver of lien was intended. The appellee ought not to be heard to say

that it gave the waiver for the purpose of allowing Simpson to get from Callahan's agent the $500, and at the same time that it did not intend that the paper given should be treated as a waiver. It is difficult to obtain from the record support for the finding that Callahan was guilty of fraud upon appellee. It was Callahan's money which Simpson was enabled to get from Callahan's agent by means of the waiver executed by the appellee. We think the payment by Callahan's agent was ample and sufficient consideration to support the waiver upon the part of appellee. It was as though appellee had requested the payment to be made to Simpson upon the condition of its relinquishment of its right to claim a lien for the material theretofore furnished. Such has been the views expressed under similar circumstances by other courts. *Hughes v. Lansing,* 34 Ore. 118; *Rand v. Grubbs,* 26 Mo. App. 591; *Edward Hines Lumber Co. v. Anderson,* 141 Ill. App. 527; *Benneson v. Thayer,* 23 Ill. 317; *Croskey v. Corey,* 48 Ill. 442.

The amount of appellee's lien as fixed by the decree was $697.28. This exceeded the amount that should be allowed by the sum of $451.30. The decree will be reversed and the cause remanded for further proceedings, in accordance with the views herein expressed.

*Reversed and remanded with directions.*