Roy NORMAN, Plaintiff-Respondent,

v.

Sharon BALLENTINE,
Defendant-Appellant.

No. 42189.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 29, 1981.

Timothy Ruddy, Cape Girardeau, for defendant-appellant.

Michael Price, Cape Girardeau, for plaintiff-respondent.

STEPHAN, Presiding Judge.

While married, Sharon and Randall Norman bought an unimproved parcel of land located in Cape Girardeau County but outside the corporate limits of any city, town, or village. The land in question is subject

to a deed of trust executed by Randall and Sharon to a savings and loan association in December of 1975. The deed of trust secured a construction loan.

Sharon and Randall made a contract with Randall's father, Roy Norman, whereby Roy was to build a house on the land for Randall and Sharon, who would reimburse him for materials and expenses. Randall and Sharon agreed to pay Roy $5,000 if the house was sold within five years of the agreement. Otherwise, the labor for the house was a gift by Roy to his son and daughter-in-law. The trial court found that the five-year period expired in June of 1980. There was conflicting evidence at trial on the question of whether the contract provided that if Randall and Sharon dissolved their marriage they would owe Roy the $5,000.

Roy began building the house in January of 1976 and last performed work on the house near the end of June, 1977. At the end of June, after it became known that Randall and Sharon intended to dissolve their marriage, Sharon wrote to Roy through her attorney and directed him to stop work on the house.

On July 7, 1977, Randall and Sharon executed a stipulation that amounted to a division of marital property. The stipulation set off to Sharon the property in question here. Randall was to convey "by Quit Claim Deed . . . unto [Sharon] all of his rights, title and interest in the real property." The stipulation also contained a "release and discharge" paragraph that eliminated all claims between Randall and Sharon. The stipulation is silent about the specific claim being litigated here.

On July 8, 1977, Roy sent a letter to Sharon through her attorney advising her that his work on the house had not been done gratis. On July 11, 1977 Roy sent to Sharon an invoice reciting that $5,000 was due for labor and drawing of plans and that $69.98 was due for certain materials purchased and installed in the home by Roy in June 1977 before Sharon asked him to quit working. Included with this invoice was the "notice to owner" required under Chapter 429, as a prerequisite to the assertion of a mechanic's lien by an original contractor.

Randall and Sharon's marriage was dissolved on August 29, 1977, and a Decree of Dissolution was entered, incorporating the stipulation referred to earlier. Subsequently, pursuant to the stipulation, Randall transferred the real estate here in question to Sharon by quitclaim deed. On September 28, 1977, Roy filed his mechanic's lien statement, required by § 429.080, R.S.Mo 1969. This statute requires "a just and true account of the demand due" the lienor. In his filing, Roy entered the sum of $69.98 as due for "[m]aterials purchased and installed." Roy has not received full or partial payment of either of these amounts.

On March 28, 1978, Roy timely filed suit to enforce the mechanic's lien. Sharon thereupon filed a counterclaim against Roy and a third party petition against her former husband Randall. The trial court dismissed the latter and found against Sharon on the former.

The trial court entered judgment for Roy on his claim, issuing findings of fact as requested. Specifically, the court found that a contract existed between Roy and the couple whereby they were to pay him $5,000 if they sold the house within five years. The court further found that the transfer of the property from Randall to Sharon by quitclaim deed constituted a sale for valuable consideration, and that Sharon owed Roy $5,000 for labor and $69.98 for materials.

Sharon does not challenge any of the above findings or appeal on any of the issues discussed above. Rather, Sharon's appeal is confined to the trial court's findings and determinations concerning Roy's assertion of a mechanic's lien.

At the outset, we are confronted with Roy's motion to strike Sharon's brief for failure to comply with Rule 84.04. That motion, taken with the case, is hereby denied.

We note, however, that this court was previously obliged to strike portions of Sharon's brief for failure to comply with

Rule 84.04(d) and (e). The amended brief before us now contains an inadequate jurisdictional statement, and a verbose statement of facts laced with irrelevancies, in violation of Rule 84.04(b) and (c).

Inadequate briefs of counsel are a disservice to parties so represented and a burden on the system of justice. See *Thummel v. King*, 570 S.W.2d 679, .686 (Mo. banc 1978). Because of the result here reached, however, suspension of strict application of Rule 84.04 will work no hardship on the respondent. Our jurisdiction is apparent from the record, and we have been able to determine the facts of the case and the issues to be decided from the briefs and transcript. A punitive order of dismissal would serve no purpose here, but we trust that members of the bar will take heed of the warning implicit in our discussion of this matter. See *Gooch v. Spradling*, 523 S.W.2d 861, 863 (Mo.App.1975).

The first issue presented by Sharon is whether Roy complied with § 429.012(1), R.S.Mo Cum.Sup.1975, which requires a contractor to provide written notice to a landowner of the possibility that subcontractors may assert a lien on the land should the contractor fail to pay them. Under the statute, the "Notice to Owner" must be provided by "[e]very original contractor, who shall do or perform any work or labor upon, or furnish any material . . . for any building, erection or improvements upon land, . . . under or by virtue of any contract . . . to the person with whom the contract is made *prior to receiving payment in any form of any kind from said person . . . .*" (Emphasis added.) Compliance with this notice requirement is "a condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor." § 429.012(2).

Sharon contends on appeal that the trial court erred in finding that Roy was entitled to a mechanic's lien. She points out that Roy testified that he was reimbursed for materials before July 11, the date on which he sent to Sharon the "Notice to Owner" required under § 429.012(1). She argues that the terms of the contract upon which

Roy sued included an agreement that Roy would purchase materials for the house in return for reimbursement by Sharon and Randall. Therefore, according to Sharon, Roy did not give a written lien waiver notice "*prior to receiving payment in any form of any kind*" under the contract, as required by § 429.012(1). Sharon concludes that, under § 429.012(2), Roy is therefore not entitled to a mechanic's lien in connection with the entire money judgment of $5,069.98 rendered in the court below.

■ We believe that Roy is entitled to a mechanic's lien on the property and improvements for payment of his judgment for $5,000 for labor, but that the lien does not extend to the $69.98 owed him for materials. The trial court concluded that the agreement for reimbursement of Roy for materials purchased by him was separate from the contract for labor. We do not have a firm belief that this conclusion by the trial court was incorrect. See *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Having found the contract to be divisible, however, the trial court should have concluded that Roy was not entitled to a mechanic's lien for the $69.98 owed for materials, since he received payment under the "materials" agreement prior to giving Sharon the statutory lien waiver notice. Section 429.012(2) requires such notice prior to receipt of payment as a condition precedent to creation of a mechanic's lien in connection with the contract. Therefore we rule that no valid mechanic's lien exists with respect to the $69.98 owed under the agreement for reimbursement of materials. This is not to say that Roy is not entitled to a judgment for the $69.98, only that it may not be enforced by means of a mechanic's lien. We instruct the trial court to modify the judgment accordingly upon remand.

In so ruling, we reject respondent Roy's argument that each purchase of materials by Roy was the subject of a separate contract. Under that view, the $69.98 was owed under a discrete contract, and, since Roy has yet to collect any money thereunder, the lien waiver notice was therefore timely given.

The trial court in its findings and conclusions did not characterize the materials arrangement as a series of separate contracts, but rather as "the separate agreement for reimbursement of materials." Whether a contract is an entire, as opposed to a severable, agreement depends largely on the circumstances of the case. *B & B Equipment Co., Inc. v. Bowen*, 581 S.W.2d 80, 87[6] (Mo.App.1979). See also *Glen O'Brien Movable Partition v. McMullen*, 608 S.W.2d 512, 518[3] (Mo.App.1980). In the case at bar, all the purchases were interdependent. Each separate purchase of building materials was of little use to the parties unless combined with all the other purchases in the construction of the house. The interdependence of the parts of the materials contract leads us to conclude that the materials contract is not divisible. See *Katz v. Pulaski Savings and Loan Association*, 546 S.W.2d 24, 28 (Mo.App.1976).

Appellant's second point is that the trial court erred in entering judgment for the plaintiff "because both the petition and evidence fail to allege and prove that plaintiff's performance of the contract and furnishing the materials accrued on the faith and credit of the parcel and improvements ..." According to appellant, such allegation and proof are essential elements of a case of this nature. We disagree. Allegations and proof of reliance on the value of the real estate and improvements are not prerequisites to the establishment of a lien contemplated by §§ 429.010 to 429.430, R.S.Mo 1969. The sole case cited by appellant in support of her second point, *Fathman & Miller Planing Mill Co. v. Ritter*, 33 Mo.App. 404, 407 (1889), stands for the proposition that "It is not enough that materials were furnished by the plaintiff to the contractor on his general credit, and that the materials can be traced into the particular building ... Two things must undoubtedly occur: (1) the materials must have been furnished for the building, and (2) as held in several cases, they must have actually been used in the construction of the building." (Citations omitted.) To the extent that these principles apply to the instant case, the petition and proof meet the requirements and appellant's second point fails.

In her third point on appeal, appellant Sharon argues that Roy failed to file a "just and true account of the demand due him" as required by § 429.080, and that therefore Roy is not entitled to any mechanic's lien on the property. As noted earlier, Roy timely filed in the proper place his mechanic's lien statement under § 429.080. In his filing, he entered the sum of $5,000 as due for labor and $69.98 as due for "materials purchased and installed."

Sharon argues that the entry for materials was defective because the materials were not described nor the charges itemized. In light of our ruling above excluding the materials debt from the mechanic's lien, we need not address this argument.

Sharon does not explicitly argue that the entry for labor is defective for lack of itemization, and, indeed, such an argument would fail. The labor contract was for the lump sum of $5,000 and contained no itemized charges. Where a lien claimant "is an original contractor and has made a lump sum contract with the landowner, his lien account may be stated in a lump sum and need not be itemized in order to be considered sufficient." *Malott Electric Co. v. Bryan Enterprises, Inc.*, 549 S.W.2d 558, 559 (Mo.App.1977), quoting from *Wadsworth Homes, Inc. v. Woodridge Corp.*, 358 S.W.2d 288, 291[3] (Mo.App.1962). The legislative purpose of requiring an itemized lien statement is to facilitate determination that the work billed was actually done and that the charges were appropriate. See *Mitchell Engineering Co. v. Summit Realty Co.*, 620 S.W.2d 27, 29[1] (Mo.App.1981); *Cork Plumbing Co. v. Martin Bloom Associates*, 573 S.W.2d 947, 959 (Mo.App.1978). Sharon does not dispute that the labor was done nor does she question the amount of the charge therefor. See *J. R. Meade Co. v. Forward Construction Co.*, 526 S.W.2d 21, 27[9] (Mo.App.1975). Accordingly, we rule that Roy's mechanic's lien for $5,000 does not fail for lack of itemization in the lien account statement filed under § 429.080.

In her final point on appeal Sharon complains that the trial court's judgment

awards to Roy a mechanic's lien on the entire piece of property which, according to the description, is composed of 6.004 acres. Section 429.010 R.S.Mo Cum.Supp.1975 limits mechanics' liens to three acres if, as here, the building in question is not for commercial or industrial purposes and is in land outside a town, city or village. Therefore, the entry of judgment in this form was error.

Roy's failure to identify and define in his lien claim and petition the boundaries of the three acre tract to which he is entitled does not vitiate the lien; however, the trial court should have charged only the lienable portion and given judgment accordingly. *Sanders v. DeWitt*, 579 S.W.2d 707, 712[6] (Mo.App.1979). Under such circumstances, we remand to the trial court for the appointment of disinterested commissioners. The commissioners shall determine the boundaries of the three acre tract subject to the lien, with allowance for ingress and egress if necessary, § 429.010, and report the same to the trial court. Upon approval by the trial court, judgment shall be reentered as a lien against the approved three acres. *S & R Builders and Suppliers, Inc. v. Marler*, 610 S.W.2d 690, 698 (Mo.App.1980).

It is so ordered.

DOWD and STEWART, JJ., concur.